# Richmond.

## YATES V. TOWN OF WARRENTON.

### JANUARY 19th, 1888.

HIGHWAYS—*Dedication—Adverse uses—Nullum tempus.*—Trustees in 1811 laid off town locating a street 23 feet wide. Survey showed that plaintiff had all the land called for by his deed and included within his enclosure 23 inches of said street. He proved that he had had long adverse user of said strip:

HELD:

    1. There was a dedication and acceptance of the streets as located by the trustees.

    2. The possessor can acquire no right nor title to any part of such highway by adverse possession thereof for any length of time whatever.

IDEM—*Nuisance—Remedy.*—Any unauthorized obstruction of such highway, is an indictable nuisance. And when a municipality has control of its streets, it may proceed in its corporate name to prevent or remove obstructions therein by judicial proceedings.

Appeal from decree of circuit court of Fauquier county, rendered July 1st, 1887, in a chancery cause wherein Henry C. Yates was plaintiff, and the town of Warrenton was defendant. The decree dissolved the injunction which had been awarded on Yates' motion, and he obtained an appeal here. Opinion states the case.

*R. Taylor Scott,* for the appellant.

*R. R. Campbell,* for the appellee.

LACY, J., delivered the opinion of the court.

This case is a contest over an alleged encroachment by the appellant, Henry C. Yates, on one of the streets in the town of Warrenton, in the county of Fauquier. On the third of March, 1887, the town council of Warrenton entered an order to the effect that information being received that H. C. Yates had given notice of his intention to resist the sergeant of the town if he attempted to straighten the line of north Fourth street in laying the walk, Mr. Yates' line being on the street, and the sergeant desiring instruction, the sergeant was ordered to straighten the said line, despite the resistance of said Yates. The sergeant, with a *posse*, entered upon the ground in dispute and commenced to tear down the fence of said Yates situated thereon, when an injunction was obtained by Yates, and the work stayed by the said circuit court. The circuit court ordered a survey of the disputed ground and the adjacent lot of Yates, and, upon the coming in of the report of the surveyor, and the evidence adduced, the injunction was dissolved on the first day of July, 1887, by decree in the cause, and the lines of said north Fourth street established in accordance with the report of the surveyor, which was in accordance with the claim of the town of Warrenton as to said street; whereupon the appellant, Henry C. Yates, appealed to this court. The evidence shows the dedication of the said street by persons appointed by act of assembly to lay off and establish the town of Warrenton, in 1811. North Third street having been laid off, the report is as to north Fourth street as follows: •" Begins at the corner of G. B. Horner's shop, now occupied by Richard Baker, and extends twenty-three feet to Norris' store, and runs thence parallel to the former" (Third street.) The street appears to be 23 feet wide, except a small encroachment at the corner between what is designated Horner's shop on one side, and Norris' store on the other (not involved here), and at the place in dispute on Yates' line the fence of Yates comes out-

ward into the street and occupies 23 inches of the street, if the same is to be of uniform width, and to run parallel to north Third street. A survey of Yates' lot by his deed shows that he has all the land his deed calls for without the 23 inches of the street in dispute. But Yates proved long user by him of this 23 inches, and the existence of an old fence exactly where the new fence is; but it is proved that certain large trees cut down on the inside of this fence once stood on the *outside* of a narrow pavement used by the town at this point. The dedication and its acceptance having been proved on the part of the town, under the decisions of this court no length of time of encroachment and user by the land owner can affect the question.

In the case of *Taylor* v. *Com.*, 29 Gratt., 780, this court held that a "valid dedication of a street to the public use, perfected by acceptance, makes it a highway—an unlawful obstruction of which is not legalized by lapse of time. *Nullum tempus occurrit regi* applies in this State to the commonwealth, as it does in England to the king"; and again, "Nor can there be any doubt or difficulty in the case, as to the question of law, in regard to the effect of the lapse of time and adverse possession upon the public right." Mr. Dillon says, (2 Dill. Mun. Corp., ch. 18, § 520): "The principle that streets and public places belong to the general, rather than to the local, public, is one of great importance, and has been sometimes overlooked by the courts, because they are public, (whether the technical fee be in the adjoining owner, in the original proprietor, or in the municipality in trust for the public use). Any unauthorized obstruction of the public enjoyment is an indictable nuisance, and the proper officer of the commonwealth may proceed in the name of the public, by bill in equity, for an injunction or relief, or by other appropriate action or proceedings to vindicate the rights of the public against encroachment, or denial by individuals. So, when by its charter or constituent act a municipality has the usual control and supervision of the

streets and public places, it may, in its corporate name, institute judicial proceedings to prevent or remove obstructions thereon"; citing *People* v. *Vanderbilt,* 26 N. Y., 287; *State* v. *Mobile,* 5 Port. (Ala.), 279; *Pittsburg* v. *Scott,* 1 Pa. St., 309; *Mankato* v. *Willard,* 13 Minn., 13, (Gil., 1); *Dummer* v. *Jersey City,* 20 N. J. Law, 86. In this case there can be no question as to the dedication of this street and its formal acceptance; and the question upon which the dispute arises is as to the location of the true line, in the first place, and, if that should be determined in favor of the city, the right to the strip in dispute is claimed upon the ground of adverse possession, and long use in the appellant. Upon both of these points the case is clearly against the appellant. The first is, as a question of fact, established against him, and the dedication being established, his encroachment was a *nuisance,* which is not helped or aided by lapse of time. Upon principles stated above, and well settled by decisions in this and other courts, (*Harris* v. *Com.,* 20 Gratt., 833; *City of Norfolk* v. *Chamberlaine,* 29 Gratt., 534; *Dovaston* v. *Payne,* 2 Smith Lead. Cas., 142; *City of Cincinnati* v. *Lessee of White,* 6 Pet., 431; *Com.* v. *McDonald,* 16 Serg. & R., 290; *Landing* v. *City of Philadelphia,* 16 Pa. St., 79; *Mayo* v. *Murchie,* 3 Munf., 358,) the injunction in this case was properly dissolved, and the decree of the circuit court of Fauquier so deciding, is plainly right, and must be affirmed.

DECREE AFFIRMED.