## Richmond.

## McClanahan v. Western Lunatic Asylum.

### December 3rd. 1891.

CORPORATIONS—*Defences—Statute of limitations.*—The maxim "*nullum tempus occurrit regi*" is not applicable to a corporation having power to sue and be sued, though the state be an incorporator thereof; but such corporator is entitled and is amenable to all legal defences which pertain to natural persons.

Error to judgment of hustings court of city of Staunton, rendered in an action of *assumpsit*, wherein the Western Lunatic Asylum at Staunton was plaintiff, and the plaintiff in error, S. R. McClanahan, as administrator of R. S. McClanahan, deceased, was defendant. Opinion states the case.

*J. C. Gibson* and *Rixey & Barbour*, for plaintiff in error.

*Thomas C. Elder* and *J. N. Opie*, for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

On the 20th of March, 1878, Robert S. McClanahan, a son of the plaintiff in error, was admitted into the Western Lunatic Asylum, at Staunton, as a patient thereof, as of the age of fifteen years; and he died therein September 7th, 1882, at the age of nineteen years. As a condition precedent to the admission of the said infant patient, a writing obligatory was executed on the 20th of March, 1878, by the said S. R. McClan-

ahan and Robert Stringfellow, binding them, on demand, to pay to the Western Lunatic Asylum for the board, fuel, lights, washing, and medical attendance of the said patient the sum of $25 per month, or such sum as the directors may from time to time assess.

On the 20th of June, 1878, the said obligor, S. R. McClanahan, paid to the said asylum the sum of $75 in full for three months' board, &c., of the said patient.

On the 6th of September, 1878, a resolution was adopted and entered of record by the board of directors of the said Asylum, "that the said Dr. S. R. McClanahan be released from his obligation for the support of his son, R. S. McClanahan, in the asylum, from the 20th of June, 1878, forward."

On the 10th day of June, 1890, the said Western Lunatic Asylum exhibited to the said hustings court of the city of Staunton its account against the plaintiff in error, as administrator of the said R. S. McClanahan, deceased, in the sum of $1,504.35, as of October 1st, 1890, together with a notice of a motion to be made on the same day for a judgment for the same. Thereupon the defendant (plaintiff in error) filed— first, a general plea of the statute of limitations; second, a plea of *non-assumpsit*; and third, a special plea of release of the debt claimed by virtue of the aforesaid order of release made by the board of directors of the said asylum as of September 6th, 1878.

The plaintiff demurred to the defendant's plea of the statute of limitations, and issue was joined upon the said demurrer, and both sides waiving a jury, the whole case was submitted to the court. Whereupon the court sustained the demurrer to the defendant's plea of the statute of limitations, and, having considered the evidence submitted, gave and entered judgment against the defendant, as administrator aforesaid, in the sum of $1,504.35, with interest on $993.38, part thereof, from October 1st, 1890, till paid, and the costs.

The court overruled a motion to set the said judgment aside,

as being contrary to the law and the evidence, and certified the facts proved upon the hearing.

The first assignment of error is, 'that the hustings court erred in sustaining the plaintiff's demurrer to the defendant's plea of the statute of limitations; and this is the only real or material question presented by the record for the decision of this court.

The last item in the account or bill of particulars moved on is dated September 7th, 1882, and this action was instituted on the 10th of July, 1890. The contention is, that the Western Lunatic Asylum, plaintiff, asserting this demand against a patient, or his estate, for support and maintenance in the said asylum, stands, *quoad hoc*, in the shoes of the state; and that the maxim, "*nullum tempus occurrit regi*" is applicable and obtains in the case.

We are of opinion that this contention is not sound, and that the error assigned is well taken. The Western Lunatic Asylum is a corporation—an organized legal entity—a personality in law, with power to sue and be sued, to plead and to be impleaded; and, being endowed with this capacity, it is thereby entitled to and amenable to all legal defences which pertain to private persons. In the case of the *Bank of the U. S.* v. *Planters Bank of Georgia*, 9 Wheaton, Chief-Justice Marshall says: " The state does not, by becoming a corporation, identify itself with the corporation. The Planters Bank of Georgia is not the State of Georgia, although the state holds an interest in it. * * * The State of Georgia, by giving to the bank the capacity to sue and be sued, voluntarily strips itself of its sovereign character, so far as respects the transactions of the bank, and waives all the privileges of that character. As a member of a corporation, a government never exercises its sovereignty. It acts merely as a corporator, and exercises no other power in the management of the affairs of the corporation than are expressly given by the incorporating act."

" So with respect to the present Bank of the United States.

Suits brought by or against it are not understood to be brought by or against the United States." See, also, *Osburn* v. *Bank of U. S.*, 9 Wheaton, 738; *McCulloch* v. *State of Maryland.*

In the case of the *Western Lunatic Asylum* v. *Miller*, 29 W. Va., the Court of Appeals of that state, in an able and convincing opinion, entered into a full discussion of the powers, responsibilities, and capabilities of corporations to sue and be sued, and decided that the plea of the statute of limitations was a good, proper, and legal defence to an action instituted by this same Western Lunatic Asylum.

The judgment complained of is wholly erroneous, and it is reversed and annulled. And this court proceeding to enter such judgment as the hustings court of the city of Staunton ought to have entered, will overrule the demurrer to the plea of the statute of limitations, and dismiss the plaintiff's motion, with costs.

LACY, J., concurred in the result.

JUDGMENT REVERSED.