# Richmond.

EASTERN STATE HOSPITAL v. GRAVES' COMMITTEE.

March 1, 1906.

1. LIMITATION OF ACTIONS—*State Excluded if not Mentioned—Form of Suit—State as Beneficiary.*—The statute of limitations does not run against the State, unless the statute expressly so provides, either as to debts or demands of a personal nature in its favor, or as to real estate held by it. This rule applies to all suits for the sole benefit of the State, although not brought in its name; and the courts will determine who is the real party in interest by reference not merely to the name in which the suit is brought, but to the facts as they appear in the record. The rule has no application to cases in which the State is not the real plaintiff, although the suit be brought in its name.

2. HOSPITAL FOR INSANE—*Agencies of State—Claims for Board, Etc.—Limitation of Actions.*—The State hospitals for the insane, though incorporated, are agencies of the State in the performance of duties which are exclusively for public governmental purposes, and the statute of limitations (not expressly mentioning the State) does not run against claims for board and medical attendance furnished to pay patients of said hospitals. *McClanahan* v. *Western Lunatic Asylum*, 88 Va. 466, overruled.

Error to a judgment of the Law and Equity Court of the city of Richmond in a proceeding by motion for a judgment. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*C. B. Garnett,* for the plaintiff in error.

*J. G. Winston* and *C. R. Sands,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The only question involved in this writ of error is whether or not the statute of limitations runs against the claim sued on, which is for board and medical attention furnished Richard C. Graves as an inmate of the Eastern State Hospital.

It is settled law that the statute of limitations, unless the statute expressly so provides, does not run against the State, and that this exemption applies to debts and demands of a personal nature in favor of the State as well as to real estate held by it.   Wood on Lim. (3d ed.), sec. 52; *Kemp* v. *Com'th.,* 1 H. & M. 85; *Nimo* v. *Com'th.,* 4 H. & M. 57, 4 Am. Dec. 488; *Levasser* v. *Washburn,* 11 Gratt. 572, 578; *Bunting* v. *Danville,* 93 Va. 200, 208, 24 S. E. 830, and cases cited; *U. S.* v. *Nashville, &c., R. Co.,* 118 U. S. 120, 6 Sup. Ct. 1006, 30 L. Ed. 81.

It is also settled that where a suit is brought in the name of the State, the defense of laches and limitations may be made when its name is used to enforce a right which enures to the benefit of an individual or a corporation, and the State has no real interest in the litigation.   Wood on Lim., sec. 52; *U. S.* v. *Beebe,* 127 U. S. 338, 8 Sup. Ct. 1083, 32 L. Ed. 121; *U. S.* v. *Des Moines Nav. & Ry. Co.,* 142 U. S. 510, 12 Sup. Ct. 308, 35 L. Ed. 1099; *State, &c.,* v. *Halter,* 149 Ind. 297, 47 N. E. 665; *Miller* v. *State,* 38 Ala. 600, 603, 604.

It is also settled law that where the suit is for the sole benefit of the State, although not brought in its name, the defense of the statute of limitations cannot be made.   *Com.* v. *Baldwin,* 1 *Watts* (Pa.) 54, 26 Am. Dec. 33, 36; *Glover* v. *Wilson,* 6 Pa. St. 290, 293; *Illinois* v. *Brown,* 1 Scam. (Ill.) 106; *Wasteney* v. *Schott, &c.,* 58 Ohio St. 410, 51 N. E. 34.

It is further well settled that the courts will determine who is the real party in interest by a reference, not merely to the name in which the action is brought, but to the facts of the case as they appear in the record. *United States* v. *Beebe, supra; State* v. *Hatton, supra; Glover* v. *Wilson, supra.*

It was held by the court in *Maia* v. *Eastern State Hospital* (the plaintiff in this case), 97 Va. 507, 509, 34 S. E. 617, 47 L. R. A. 577, that said hospital was created and exists for purely governmental purposes—is a public corporation governed and controlled by the State, and acts exclusively as an agency of the State for the protection of society and for the promotion of the best interests of the unfortunate people of the Commonwealth of insane and disordered minds; that it has no stockholders, no members even, except directors having no interest in it or its affairs, who are appointed by the Governor, by and with the consent of the Senate, and are in fact public rather than corporate officials, endued with corporate being for a more convenient administration of the duties imposed upon them by law, and are made liable to fines for any failure to perform their duties.

The hospital, being a mere agency of the State, owned and controlled by it, all charges imposed upon its inmates or their estates for taking care of and maintaining them, are for the benefit of the State, and when collected go to the support of the hospital as much as the money appropriated out of the public treasury; if not collected, the loss falls wholly upon the State; and if there is a recovery, it will be for the benefit of the State and the State alone—not for the benefit of the directors, nor for the benefit of any subordinate division of the State; but for the whole people—the State at large.

This being so, we are of opinion that the statute of limitations did not run against the demand sued on, and that the trial court erred in holding that it did.

This conclusion overrules the case of *McClanahan* v. *Western Lunatic Asylum,* 88 Va. 466, 13 S. E. 977, which involved the same question. The overruling of that case, whenever ·the same question should arise again, was the necessary and logical result of the decision in the case of *Maia* v. *Eastern State· Hospital, supra.* The doctrine announced in the former case—that a corporation which has the power to sue and be used, .is entitled to make, and is amenable to, the same defenses as pertain to private persons—is not a correct statement of the law when applied to a corporation acting as an agency of the State in the performance of duties which are exclusively for public governmental purposes, and is in conflict not·only with the decision in *Maia* v. *Eastern State· Hospital, supra;* but with principles of law recognized and acted on in numerous cases by this court. See *City of Richmond* v. *Long,* 17 Gratt. 375, 94 Am. Dec. 461; *Sawyer* v. *Corse, Id.* 230, 94 Am. Dec. 445; *Norfolk City* v. *Chamberlain,* 29 Gratt. 534; *Yates* v. *Town· of Warrenton,* 84· Va. 337, 4 S. E. 818, 10 Am. St.· Rep. 860; *Burton* v. *Danville,. supra; Terry·* v. *City of Richmond,* 94 Va. 588, 27 S. E. 429,. 38 L. R. A. 834; *Jones* v. *City of Williamsburg,* 97 Va.،722, 34· S. E. 883, 47 L. R. A. 294.

We are of opinion, therefore; to reverse the judgment of the· Court of Law and Equity, and this court will enter such judgment as that court ought to have entered.

*Reversed.*