## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia, ex rel.
State Corporation Commission

v.

Joel S. Coplon, Ronald A. Smith, t/a
Action Accounting and Taxes,
and Coplon & Company

August 10, 1989

Case No. N-4901-4

By JUDGE MELVIN R. HUGHES, JR.

On the ground the defendants extended usurious loans as unlicensed lenders, the Commonwealth of Virginia on the relation of the State Corporation Commission sues for injunctive, monetary, and other relief under provisions of the Consumer Finance Act, Sections 6.1-244, et seq., Code of Virginia of 1950, as amended.

In July, 1987, the Court deferred issues of excessive fines, cruel and unusual punishment, substantive due process, and equal protection until the evidence and decided that the 1987 version of Section 6.1-303(A)(2), the statute by which the Commonwealth by its Attorney General can bring the instant case did not empower the Attorney General to sue representatively on behalf of private persons to recover amounts allegedly due them from defendants for usury. In 1987 defendants appealed

the Court's ruling allowing a preliminary injunction and the Commonwealth appealed the Court's ruling denying standing to the Supreme Court of Virginia. The Supreme Court denied defendant's appeal and the Commonwealth withdrew its appeal.

On July 1, 1988, an amendment to Section 6.01-303(A)(2) became effective; defendant Coplon's Plea, Demurrer, and Affirmative Defenses earlier filed, now raise issues of the extent the amendment is retroactive--whether to the date of filing on May 18, 1987, or to the date the amendment went into effect on July 1, 1988. In addition, issues of whether federal constitutional affirmative defenses have preclusive effect and whether any statute of limitation applies have been renewed after being first raised in 1987. After argument on August 1, 1989, the Court took the issues under advisement, to review *Browning Ferris, Inc. v. Kelco Disposal, Inc., et al.,* 106 L. Ed. 2d 219 (1989), and *U.S. v. Halper,* 104 L. Ed. 2d 487 (1989), and to review the memoranda filed in 1987 and supplemented by plaintiff in April, June, and July, 1989, and supplemented by defendant Coplon on August 2, 1989.

The usury and lender licensing requirement is set out in Section 6.1-249 as follows:

Section 6.1-249. *Compliance with chapter; license required.* -- No person shall engage in the business of lending in amounts of the then established size of loan ceiling or less, and charge, contract for, or receive, directly or indirectly, on or in connection with any loan, any interest, charges, compensation, consideration, or expense which in the aggregate are greater than the rate otherwise permitted by law except as provided in and authorized by this chapter and without first having obtained a license from the Commission.

The relief the Commonwealth prays for is set out in pertinent part of this statute:

Section 6.1-308. *Violation of Section 6.1-249.* --
. . . . B. Any contract of loan in the making or collection of which any act has been done

> which violated Section 6.1-249 shall be void and the lender shall not collect, receive, or retain any principal, interest, or charges whatsoever, and any amount paid on account of principal or interest on any such loan shall be recoverable by the person by or for whom payment was made.

The amending language to Section 6.1-303(A)(2) allows the Attorney General to "seek . . . such other relief including restitution to the extent available to borrowers under subsection B of Section 6.1-308" on account of usurious loans.

The recent decisions by the United States Supreme Court in *Browning Ferris, supra,* support the refund and forfeiture provisions of Section 6.1-308(B); while these provisions are penalties, they are civil in nature, are not cruel and unusual punishment, nor do they impose excessive fines in violation of the Eighth Amendment. Further, the Court concludes the Consumer Finance Act does not violate substantive due process and Section 6.1-308(B) does not violate equal protection.

In *Browning Ferris,* what is significant is the Supreme Court's assessment of the Eighth Amendment's historical application only to criminal cases. While indicating "it need not go so far as to hold that the Excessive Fine Clause applies just to criminal cases . . . ." the Court did observe that the Eighth Amendment "does not constrain an award of money damages in a civil suit when the government *neither has prosecuted the action nor has any right to receive a share of the damages awarded."* (emphasis added) Here, while the Commonwealth prosecutes or brings the action, it does so in a representative way, and for that reason, it does not propose to share in whatever damages may be awarded. Indeed, by the authorizing statute, it will hold any recovered amounts for persons found to be victims of usurious loan practices. The Eighth Amendment is not implicated in the case and its proscription does not apply.

The Court also finds no implication of substantive due process and equal protection standards by any possible operation of the Consumer Finance Act on these defendants in this proceeding. There is a rational basis for the

regulation of the loan industry by the Legislature in making laws for the health safety and welfare of citizens and, in particular, it is abundantly clear the Legislature can enact laws to prevent loan sharking and regulate small loan activity. There is likewise a rational basis for a distinction in the regulation of small lenders and licensed lenders against unlicensed ones in a regulatory scheme. The Court adopts the reasons set out by the Commonwealth in its Memorandum in Opposition to Affirmative Defenses and Plea and Defenses of Statute of Limitations, pp. 26-33, in support of these conclusions.

Turning to the question of the statute of limitations. The Commonwealth argues that no statute of limitations applies to it because Section 8.01-231 provides "[n]o statute of limitations which shall not in express terms apply to the Commonwealth shall be deemed a bar to any proceeding by or on behalf of same." Even if a statute of limitations applies, the Commonwealth argues, in its position as representative, borrower rights of action are based on contract and debt, and thus, the three year statute of limitation for unwritten contracts in Section 8.01-246(4) is the applicable one. In support of the three year limit, the Commonwealth correctly points out that at common law, the borrower's action against the lender on usurious obligation was in assumpsit. *Baker v. Lynchburg Nat. Bank*, 120 Va. 208 (1917); *Moseley v. Brown*, 76 Va. 419 (1882).

Defendant Coplon, on the other hand, argues the Commonwealth is limited by the one year statute of limitations in Section 19.2-8, the limitation applicable to cases involving fines and forfeitures. If not that limitation Coplon contends, the one year limitation found in Section 8.01-248 applies, the so-called catch-all limitation. In addition, because the Commonwealth is not the real party in interest but seeks relief allowed by statute for borrowers, defendant Coplon argues a one, two, or three year limitation applies depending on whether the Commonwealth's claims are for return of full principal and interest (6.1-308(B)), twice the excess interest charged (6.1-330.57), or recovery of interest alone.

In these contentions, the parties raise the question of the nature of a borrower's rights founded on usury and whether the statutory array of rights given a borrower

or, for that matter the Commonwealth in this context, are a contemporary analogue of rights allowed usury injured borrowers as at common law. Because the Commonwealth asserts claims for these borrowers, whether any statute of limitation applies does indeed depend on the real party in interest, *Richmond Redevelopment Housing Authority v. Laburnum*, 195 Va. 827 (1954).

As mentioned, at common law the action by the borrower was in assumpsit. In describing the effect of usury, the Supreme Court of Virginia in *Ruckdeschall v. Seibel*, 126 Va. 359, 375 (1919), described the situation thusly:

> And when we consider that the effect of usury at common law was to render the whole contract void because of its illegality; that the option of at any time refusing to pay and of retaining the whole sum, both of principal and interest, involved in a usurious transaction, continued to remain with the debtor at common law so long as the debt was unpaid or was not novated . . .

In *Baker v. Lynchburg Nat. Bank*, 120 Va. 208, 223 (1917), there is this statement:

> At common law, an action of assumpsit would lie by the borrower to recover back interest paid at a greater rate than that allowed by the usury statutes, although no action whatever would lie by the lender to recover anything on the usurious obligation. But in such an action at common law by the borrower, he could recover only the excess over the legal rate of interest paid . . . as were made within the period of the statute of limitations governing such action.

Thus, at common law the borrower could defend and not pay both principal and interest or seek return of interest, in an assumpsit form of action, an action that arises *ex contractu*.

The Court decides it is borrowers who are represented by the Commonwealth here and whose rights are asserted;

the Commonwealth acting in such representative capacity is therefore subject to a statute of limitations because the rights involved are those of the borrowers themselves, *Eastern State Hospital v. Graves*, 105 Va. 151 (1906). At common law, as defendants argue, a borrower was entitled to recover interest paid on an usurious loan in an action on assumpsit, but he was also entitled to withhold both principal and interest in a claim by the lender. Now, by statute, a borrower can recover both principal and interest and in the case of an action brought to recover interest, twice the interest charged within two years, by Section 6.1-330.57, for claims brought within two years of the last scheduled payment or the date of payment in full, whichever is earlier. Section 6.1-330.57 carries its own two year limitation period. While it is interesting, the Legislature expressly set a two year limitation period in the double interest recovery statute and set none in Section 6.1-308(B), the statute allowing recovery of both principal and interest, only one of the statutes, Section 6.1-330.57, clearly extends rights previously provided at common law. Nonetheless, borrower's action at common law and the one now under Section 6.1-308(B) are both "actions founded upon a contract" according to Section 8.01-246(4):

> actions founded upon a contract . . . shall be brought within the following number of years next after the cause of action shall have accrued . . . . 4. In actions upon an unwritten contract, express or implied, within three years . . .

While the extent of the remedy or relief allowed may have changed, the form of action for limitation purposes under Virginia law is based on contract, and the limitation period is three years, except the built-in limitation in the double interest recovery statute.

For the reasons mentioned above for no Eighth Amendment preclusion, it is clear this case is not a criminal one for purposes of applying the one year limitation given in Section 19.2-8. The statute's reference to "[a] prosecution for "misdemeanor, or any pecuniary fine, forfeiture, penalty or amercements . . ."" is codified in the Virginia Code under criminal procedure and, more importantly, by

its terms, refers to "prosecution." The meaning of Section 19.2-8 touch and concern criminal prosecutions brought by the state in seeking adjudication of things criminal, not civil proceedings when the question involves possible imposition of a civil remedy due an individual as opposed to the sovereign.

The Court finds that depending on the relief sought, the statute of limitations is either two years for recovery of twice interest charged or three years for recovery of principal and interest, or interest alone.

On the issue of retroactivity. As has been mentioned, the General Assembly gave the right to the Attorney General to pursue the claims of individual borrowers and get recovery for them effective on July 1, 1988. When the Court ruled that the statute can apply retroactively, the ruling was based on the notion that the change was a procedural one, as procedure applies retroactively, as opposed to a substantive right applying prospectively. It must be remembered the rights the Commonwealth pursues here are no more than those the borrowers have themselves.

If the Court was to follow the approach urged by the Commonwealth that retroactivity goes back to the date of filing of the action, the result would be to allow claims that expired on the effective date of the amendment. For all claims, then expired, the defendant has the right to expect that a later amendment will not affect claims already cut off by an applicable limitation period when those claims expired, according to Section 8.01-235:

> If after a right of action or remedy is barred by a statute of limitations, the statute be repealed, the bar of the statute as to such right of remedy shall not be deemed to be removed by such repeal.

There was no right in the Commonwealth to sue representatively until the effective date of the amendment and, although retroactive, the amendment cannot claim actions for borrowers whose time for filing them had run by then. Thus, the number of claims available depends on whether they are timely as of July 1, 1988, the effective date of the amendment.