## CIRCUIT COURT OF THE CITY OF RICHMOND

Virginia Retirement System

v.

Eastdil Realty, Inc., et al.

January 6, 1994

Case No. LW-1735–4

BY JUDGE RANDALL G. JOHNSON

The narrow issue presently before the court is whether Va. Code § 8.01–231 applies to the Virginia Retirement System (VRS) so that certain causes of action contained in VRS' motion for judgment are not barred by otherwise applicable statutes of limitations. Section 8.01–231 provides:

> No statute of limitations which shall not in express terms apply to the Commonwealth shall be deemed a bar to any proceeding by or on behalf of the same.

At a hearing on October 29, 1993, the court held that this section did not apply to VRS, and that the subject causes of action were time barred. The same question is now before the court on plaintiff's motion to reconsider. Upon reconsideration, I conclude that my earlier holding was erroneous, and that § 8.01–231 does apply to VRS.

In making my earlier ruling, I relied upon certain language in the case of *Burns v. Stafford County*, 227 Va. 354, 315 S.E.2d 856 (1984). In *Burns*, the Supreme Court of Virginia was asked to decide whether the Stafford County Board of Supervisors was covered by Va. Code § 8–35, the predecessor to § 8.01–231. At the time of *Burns*, § 8–35 contained two sentences. The first sentence was exactly the same as present § 8.01–231; that is, what is now the complete statute was then only the first sentence. The second sentence provided:

> This section shall not, however, apply to agencies of the State incorporated for charitable or educational purposes.

It was the Supreme Court's analysis of this second sentence which led to my earlier ruling. Specifically, the Court said the following with regard to § 8–35 as it then existed:

> This provision is a codification of the ancient maxim, *nullum tempus occurit regi*, that is, "time does not run against the king." But the statute goes further than the ancient rule. Had the provision concluded with the first sentence, its meaning would have been clear for, by its terms, only the Commonwealth itself would be exempt from the bar of a statute of limitations, unless otherwise expressly stated. The second sentence is the source of additional meaning and is thus central to this appeal.
>
> The second sentence excludes two types of state agencies from the saving grace of the provision: state agencies incorporated for charitable purposes and state agencies incorporated for educational purposes. Because the legislature specifically excluded these two categories of state agencies, it appears that it intended to include other state agencies. The question here is whether the Board, in its capacity as governing body of the sanitary district, is one of the agencies which the legislature intended to protect.

227 Va. at 357.

Citing the Supreme Court's statement that without the second sentence only "the Commonwealth" would be covered, and noting that present § 8.01–231 does not contain the second sentence, I concluded that only "the Commonwealth" is now covered, that VRS is not "the Commonwealth," and that the statute did not remove the bar of the statute of limitations. I believe that my ruling was wrong for several reasons.

First, as VRS correctly points out, the portions of *Burns* upon which I relied are dictum. It cannot change the meaning of the statute.

Second, and more important, is that I gave too broad a reading to the Supreme Court's language cited above. Specifically, while I interpreted the Court's comments concerning "state agencies" as applying to all state agencies, I do not believe that such an interpretation is proper. A closer reading of *Burns* leads me to conclude that the specific "state agencies" called into question by the Supreme Court were counties, sanitary districts, and other political subdivisions of the state; not

actual agencies of the state such as VRS. Indeed, to hold otherwise would be to overrule *Eastern State Hospital v. Graves*, 105 Va. 151, 52 S.E. 837 (1906), which held that a corporation acting as an agency of the state in the performance of duties which are exclusively for public governmental purposes is not subject to statutes of limitations. *See* 105 Va. at 154. I do not believe the court in *Burns* intended to overrule *Graves*.

Finally, and regardless of the language in *Burns*, the specific language of the statute makes it clear that it applies to this case. The statute, by its terms, applies not only to suits brought *by* the Commonwealth, but also to suits brought *on behalf of* the Commonwealth. This suit, brought by VRS, is obviously brought on behalf of the Commonwealth. Thus, while I now specifically find that VRS is a state agency covered by § 8.01–231, even if this were not the case, I would still find that this particular action is brought on behalf of the Commonwealth and is not barred by otherwise applicable statutes of limitations.