County of St. Charles v. Powell.

———•◦◦◦•———

COUNTY OF ST. CHARLES, Appellant, v. POWELL, Respondent.

<div style="float:right">22  525<br>98  425</div>

1. The rule of the common law, embodied in the maxim "*nullum tempus occurrit regi*," and adopted generally in this country, applies only to the state at large, and not to the political subdivisions thereof. The statute of limitations runs against the municipal corporations and other authorities established to manage the affairs of the political subdivisions of the state, as against private individuals. The immunity was at common law an attribute of sovereignty only.

2. The sums received by the several counties of this state out of the "road and canal fund" under the several acts of the general assembly, (see R. C. 1835, p. 553; Sess. Acts, 1836–7, p. 108–9,) belonged exclusively to the counties, though affected with a trust for local purposes; and the statute of limitations would run against the said counties on bonds executed in their favor by persons to whom portions of said fund had been loaned.

3. The fact that the obligor of such a bond becomes a judge of the county court, before the time of the limitation, ten years, expires, will not deprive him of right to set up the statute as a bar to a recovery.

*Appeal from St. Charles Circuit Court.*

This was a suit commenced April 19, 1855, founded upon the following obligation : " $175. Twelve months after date, we or either of us promise to pay to the County of St. Charles, one hundred and seventy-five dollars, to bear interest at the rate of ten per cent. per annum from date till paid, it being for that amount borrowed of the road and canal fund of said county. Witness our hands and seals this 5th day of February, 1841. [Signed] Ludwell E. Powell, (seal). T. Yosti, (seal). Wm. Echert, (seal)."

It was alleged in the petition that the defendant, Powell, was justice of the county court of St. Charles county, from 1850 to September, 1854, " and as such, with his associates, had the

34—VOL. XXII.

control and management of all bonds, notes and evidences of debt due said county for the use of the road and canal fund."

The defendant relied in his answer upon the statute of limitations.

Upon the trial, the bond above set out was proven and given in evidence ; also an endorsement upon the same of a credit of $8 75, paid June 29th, 1842. It was also proven that Powell was elected justice of the county court of St. Charles county, in August, 1850, and was presiding justice of said court until September, 1854.

Upon this proof, the court gave judgment for the defendant on the ground that the debt was barred by the statute of limitations.

C. C. *Whittelsey* and *T. Cunningham*, for appellant. 1. The county of St. Charles holds the road and canal fund for the benefit of the state, and against the state the statute of limitations does not run. " *Nullum tempus occurrit regi.*" (Broom's Legal Maxims, 27 ; Parks v. State, 7 Mo. 194 ; Marion county v. Moffett, 15 Mo. 605 ; State v. Fleming, 19 Mo. 607 ; United States v. Kirkpatrick, 9 Wheat. 720 ; 15 Mo. 604 ; R. C. 1835, p. 554 ; 3 Statutes at large, 674.) 2. The defendant should not be permitted to avail himself of the time during which he was the justice of the county court. If any thing, its neglect should be considered as a presumptive new promise, as he had the authority and influence to stay suit. The payment was made in June, 1842, and ten years from that date would have given him the right of action until June, 1852, and for nearly two years after that time the defendant prevented suit, and the county should have that time to sue after he ceased to be a justice. The new county court ordered suit brought when they found the bond unpaid and still due. The principle should be applied that a trustee shall not avail himself of the statute while trustee. (Taylor v. Blair, 14 Mo. 437.) As a justice of the court, he should certainly be considered as placed in a position of trust, which should forbid his doing any thing to the injury of those with whose interests he

stood charged. Upon these principles, therefore, the answer should have been overruled, and the issue should have been found for the plaintiff, and judgment given for the face of the bond, with interest.

*J. Coalter* and *Alexander*, for respondent. The two grounds on which it is supposed that the statute will not run in this case are, 1. That the note was given for the benefit of the road and canal fund, and that said fund belongs to the state, and therefore the note can not be barred. This is not true in point of fact; the fund has been distributed among the several counties of the state, with no provision that it shall ever, in any event, revert to the state. (R. C. 1835 and 1845, tit. " Road and Canal Fund." 2. The other point, that the statute will not run, because the defendant was from 1850 to 1854 justice of the county court, is equally untenable. He was one of the three justices, and, of course, did not control the court. No order of the court was necessary to the institution of a suit against him. Besides, the statute of limitations commenced to run February 5, 1842, more than eight years before he was elected justice, and having once commenced running, did not stop. (See Saunders v. Perkins, 12 Mo. 238 ; Smith, adm'r of Taylor, v. Newly, 13 Mo. 159.)

LEONARD, Judge, delivered the opinion of the court.

In 6 Bacon's Abr. tit. " Prerogative," E. 5, it was said that when a statute is general, and thereby any prerogative, right, title, or interest is divested or taken from the king, in such case the king should not be bound, unless the statute is made by express words to extend to him. It is upon this principle that, by the English common law, statutes of limitations do not apply to actions brought by the crown, unless there be an express provision including it ; and Story (United States v. Hoar, 2 Mason, 312,) after referring to the reason given by Blackstone (1 Com. 247,) says that the true reason of the king's prerogative, " *nullum tempus occurrit regi*," is to be found

in the great public policy of preserving the public rights, revenues and property from injury and loss by the negligence of public officers. But whatever the reason of the prerogative may have been, it was originally adopted, it is believed, in all the American states, governed by the common law. It seems, however, to have had no place in the Roman law of the prescription of actions, except to enlarge the time within which the public authorities, both general and local, were required to bring their suits. (1 Mackeldey's Civil Law by Kaufman, 200, 202.) The new French code expressly renounces it (Civil Code, sec. 2227) ; and our own state has recently done so too. (Practice Act, 1849, art. 2, § 10.)

The immunity, however, it seems, was, even at common law, an attribute of sovereignty only, and did not belong to the municipal corporations or other local authorities established to manage the affairs of the political subdivisions of the state. It was so expressly held in the Lessee of the city of Cincinnati against the First Presbyterian church, (8 Ohio, 309,) and in Armstrong v. Dalton, (4 Dev. N. C. 569) ; and we are not aware of any case to the contrary. In Marion county against Moffett, (15 Mo. 604,) the omission of a public functionary to do an act required by law for the security of the public interest, was not allowed to operate as a release of the security ; but the decision had nothing to do with the application of the statute of limitations to cases of that character. The money here sued for belonged to the county and not to the state at large. It was vested in the county by a legislative donation—impressed, it is true, with a trust for local improvements ; but yet it belonged exclusively to the county, although for local and not for general purposes.

It is scarcely necessary to remark, that the fact that the defendant was a member of the county court during part of the time of the bar, is no answer to the statute. If the defendant has been guilty of such conduct in the discharge of his official duties as to render him amenable to the law, he must be called to answer in a proper proceeding instituted for that purpose. The judgment is affirmed.