In the Matter of Antoinetta Hicka, an Incompetent Person.

Supreme Court, Special Term, New York County, March 10, 1943.

*James J. Crisona* for Philip Hicks, Jr., committee.

*Nathaniel L. Goldstein, Attorney-General (William J. McNulty* of counsel), for Central Islip State Hospital.

KOCH, J. The Attorney-General, on behalf of Dr. David Corcoran, Superintendent of Central Islip State Hospital, applied to this court for an order directing Philip Hicks, Jr., committee of the property of Antoinetta Hicka or Antonia Hicks, the above incompetent, to pay to the Central Islip State Hospital, out of the funds and property belonging to the said incompetent and in the custody of the said committee, the sum of $2,567, as and for the accrued care, maintenance and medical treatment of said incompetent covering the period from January 21, 1935, to January 31, 1942 (2,567 days), at the rate of $1 per day, established by the Commissioner of Mental Hygiene of the State of New York under the powers granted to him under section 24-a of the Mental Hygiene Law.

On the return date of the application, April 2, 1942, the committee appeared by attorney and submitted an affidavit in opposition to said application, in which he set forth a claim on behalf of said incompetent for services alleged to have been rendered by her during her confinement at Central Islip State Hospital. This court thereupon referred the following issues to an official referee for hearing and report: "Were any services performed by the incompetent at any time between the 21st of January, 1935, and the 31st day of January, 1942, at the Central Islip State Hospital, and if so what was the value to the State of New York of the said services performed by the incompetent, and has the court jurisdiction to pass upon the claim of this incompetent for services alleged to have been performed at Central Islip State Hospital, or should such claim be prosecuted in the Court of Claims."

The Official Referee, in his written report, dated January 5, 1943, found that the Supreme Court has jurisdiction over a claim interposed on behalf of the incompetent, and found on the other issue, namely, the value of services claimed, that the incompetent should be allowed for these services at the rate

of $40 per month in addition to her board, lodging and medical care.

Numerous objections to the report of the official referee have been filed on behalf of the State of New York by the Attorney-General, principal among which is that wherein it is asserted that this court has no jurisdiction to hear and determine the offset urged by the committee for the incompetent to the claim of the State.

At the outset, it must be conceded that no action may be maintained against the State without its consent. (*Saranac Land & Timber Co.* v. *Roberts,* 195 N. Y. 303.) Nor may an action be prosecuted against a State officer or agency where the real party in interest is the State itself. (*Adler, Inc.* v. *Noyes,* 285 N. Y. 34.) In harmony with these authorities it has also been held that while the State may enforce its claims against its citizens, this right is not reciprocal, and, in an action instituted by the State, no counterclaim or set-off is available to the parties sued. (*People* v. *Dennison,* 84 N. Y. 272, 280, 281; *People* v. *Corner,* 59 Hun, 299, affd. 128 N. Y. 640; *People ex rel. Western Union Tel. Co.* v. *Roberts,* 30 App. Div. 78, 80.) In the instant matter, the committee for the incompetent could not maintain an action against the Central Islip State Hospital based upon the alleged value of services rendered to said hospital by the incompetent. The hospital is a State agency. In its care of the insane it is engaged in the performance of a valid State function. (*Sporza* v. *German Savings Bank,* 192 N. Y. 8, 15.) And a judgment offsetting against its claim for care of the incompetent the amount of any claim interposed by the committee would, in effect, be a judgment against the State.

Counsel for the committee has cited to the court the cases of *City of Taunton* v. *Talbot* (186 Mass. 341) and *Marshall County* v. *Lippincott* (137 Iowa 102). Assuming that these cases are authorities in point, this court is constrained not to follow them as the holdings therein are contrary to the established law and precedents of our own State as applied to suits or set-offs against the sovereign.

Lastly, there is no force to the contention of counsel for the incompetent that, as a corporation, the Central Islip State Hospital may sue and be sued in all courts in like cases as natural persons. If this contention were a valid one, then the set-off herein would have to be upheld. A sufficient answer to this is that statutes in derogation of the immunity from suit of the sovereign will be strictly construed. (*Breen* v. *Mortgage Commission,* 285 N. Y. 425, 431.) This is so even though the statute

contain a provision that the agency is empowered to sue or be sued. And from the grant of such a power to the agency or corporation it does not follow that the State has relinquished its right to be sued for a claim against it in the Court of Claims and has consented to be sued therefor in the Supreme Court. (*Breen* v. *Mortgage Commission, supra,* 431.) While section 4 of article X of the State Constitution states that: " * * * all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons," and section 60 of the Mental Hygiene Law creates the Central Islip Hospital a corporation, this court finds that it cannot indulge in an interpretation of either the constitutional or statutory provisions cited which would tend to weaken the long-established doctrine of the immunity of the State from suits against it without its consent.

The set-off of the committee is accordingly disallowed and the claim of the Attorney-General for maintenance, care and medical treatment is allowed. This disposition, based upon the reasons here set forth, renders it unnecessary for the court to consider the first question submitted to the Official Referee. The remedy of the committee is not to be found in this court, as the Supreme Court has no jurisdiction of claims against the State. The report of the learned official referee is disapproved.

Submit order directing the committee herein to pay the bill of Central Islip State Hospital out of the funds of the incompetent's estate.