GENERAL MUTUAL INSURANCE COMPANY, Plaintiff, *v.* WILLIAM E. COYLE, JR., et al., Defendants.

Supreme Court, Special Term, Onondaga County, November 30, 1954.

*Nathaniel L. Goldstein, Attorney-General (Joseph A. Cutro* of counsel), for Middletown State Hospital, defendant.

*Brown, Mangin & Greene* for plaintiff.

McCLUSKY, J. This is a motion by the Middletown State Hospital to dismiss the complaint herein as to it upon the ground that this court does not have jurisdiction of the moving party.

On or about the 25th day of March, 1954, the plaintiff issued to the defendant William E. Coyle, Jr., a certain policy of insurance by the terms of which it insured certain motor vehicles used in the business pursuits of said Coyle as a trucker. Subsequently, a trailer-tractor unit belonging to Coyle and operated by Holmes was involved in an accident on the public highways of this State by reason of which the other defendants claim to

have sustained some injuries. The plaintiff claims there is no coverage under the policy and both Coyle and Holmes claim there is. A declaratory judgment of noncoverage is sought.

The State hospital claims that it is a State agency and as such is immune from action, except insofar as the State has given its consent. The corollary is advanced that the State has not given permission to sue the agency known as Middletown State Hospital either specifically or generally.

At common law, the sovereign was immune from suit. It can only be made a party when it consents and that consent must be clear. (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472.)

The State has consented to being sued in Supreme Court in several instances, notably to determine conflicting claims to real property, partition and foreclosure. Its agents may be proceeded against under article 78 of the Civil Practice Act. But it is here claimed that the State has not consented to being sued in an action for a declaratory judgment.

It is equally clear that no action may be maintained against a State officer or agency where the State is the real party in interest. (*Samuel Adler, Inc.,* v. *Noyes,* 285 N. Y. 34.)

Under section 60 of the Mental Hygiene Law, Middletown State Homeopathic Hospital is established as a corporation. It has been held that the State institutions named in the section are State agencies. (*Matter of Hicka,* 180 Misc. 173.)

The same case is authority for the contention that no claims may be made against such an agency unless consent has been given therefor.

We come, therefore, to the question as to whether or not the State or its agencies may be sued in Supreme Court in a declaratory judgment action. Section 473 of the Civil Practice Act provides that the Supreme Court shall have power in any action or proceeding to declare rights and other legal relations on request. The procedure is detailed in rules 210–214 of the Rules of Civil Practice. The statute was a liberalizing one, intended to avoid future litigation. It is clearly established that the State may waive its immunity upon such conditions as it may prescribe, but such waiver must be clearly expressed. (*Litchfield* v. *Bond,* 186 N. Y. 66; *Smith* v. *State of New York,* 227 N. Y. 405.)

This is a motion which seeks a determination purely upon a question of law. It seeks to determine the final relation between the plaintiff, Coyle and Holmes and potentially as to the other defendants. Declaratory judgment proceedings are encouraged under such circumstances, particularly upon contracts of insurance in order to avoid multiplicity of suits and potentially

expensive litigation. There can be no such action instituted in the Court of Claims.

The Court of Appeals in a series of decisions has held that the Supreme Court does not have jurisdiction of actions against the State or against officers or agents of the State, where the State is basically the real party in interest. *Psaty* v. *Duryea* (306 N. Y. 413), was an equitable action for rescission. The holding was that the State had not consented to be sued in Supreme Court. So, too, was the holding in *Erie R. R. Co.* v. *Sells* (298 N. Y. 58). So, too, is the effect of the decision in *Niagara Falls Power Co.* v. *White* (*supra*).

An examination of the cases involving the relief by the declaratory judgment procedure discloses a distinct line of cleavage. Where a proprietary right of the State was involved and the jurisdictional question was raised, the courts have been consistent in sustaining the immunity of the State. Where no proprietary right was involved, the Supreme Court has asserted its right to pass upon the final questions involved. (*Town of Ohio* v. *People*, 264 App. Div. 220; *New York Foreign Trade Zone Operators* v. *State Liquor Auth.*, 285 N. Y. 272.)

In the instant case, the Middletown State Hospital has a primary cause of action against Coyle and Holmes and a secondary cause of action against the General Mutual Insurance Company under paragraph (c) of subdivision 7 of section 167 of the Insurance Law. Potentially the proprietary right of the State is involved in the declaratory judgment action. As to this, the State has not consented to be sued in the Supreme Court. The motion to dismiss this action as to the State agency involved is granted. No costs.