STATE BOARD OF TRUSTEES OF THE DELAWARE STATE HOSPITAL AT FARNHURST, Plaintiff, v. FRANCIS L. BOYER, Executor of the Will of William H. Boyer, deceased, Defendant.

(*March* 16, 1960.)

STOREY, J., sitting.

*Robert B. Walls, Jr.,* for the Plaintiff.

*Henry N. Herndon, Jr.* (of Morris, James, Hitchens and Williams) for the Defendant.

Superior Court for New Castle County, No. 773, Civil Action, 1959.

STOREY, J.:

This is a suit by the State Board of Trustees of the Delaware State Hospital at Farnhurst against the executor of the will of one of its former mental patients, for the balance due for the care, maintenance and support of the said patient. After the defendant executor filed his answer, he then filed a motion for partial summary judgment. Subsequent to this, the parties filed certain affidavits in support of, and in opposition to the motion. The matter was briefed by counsel and argued before the Court.

From the record, it appears that the patient first entered the hospital in 1931, and remained a patient until 1937; was re-admitted as a patient in 1944 and remained as a patient until 1945; was again re-admitted in 1949 and remained as a patient until 1950; and finally was re-admitted in 1956 and remained as a patient up until his death at the hospital in 1959. Certain small payments for care, maintenance and support were made to the hospital by a member of deceased's family. The executor now claims that most of the hospital's claim for the balance due is barred by the three-year Statute of Limitations, as found in 10 *Delaware Code*, § 8106, which provides that no action based on a statute shall be brought after the expiration of three years from the accruing of the cause. The statute itself is silent as to whether or not it is intended to run against the State or the State Hospital. This is the only question raised before the Court which is here considered for the purpose of disposing of defendant's motion for partial summary judgment, the other questions raised having been disposed of by the Court upon other grounds.

It is the generally recognized rule, unless the statute expressly or by necessary implication provides to the contrary, that statutes of limitation do not apply to a State when suing in its sovereign capacity. Even though the suit is not brought in the State's name, a similar rule prevails if the action is for

the sole benefit of the State. 34 *Am. Jur.*, Limitations of Actions, Section 393; 53 *C. J. S.* Limitations of Actions § 15.

■ It is settled by the weight of authority that a state hospital for the mentally ill is not subject to a Statute of Limitations unless the statute expressly so provides:

53 *C. J. S.* Limitations of Actions §16, p. 947. "*State hospital for insane.* According to the weight of authority the statute of limitations cannot be pleaded against an action by a state hospital for the insane, a body politic and corporate created by the state to carry out a public charity, and supported by the public revenues and controlled by the state's officers, to recover for board and medical attention furnished to an inmate."

34 *Am. Jur.*, Limitations of Actions, Sec. 399, p. 314. "On the other hand, the weight of authority supports the view that the statute cannot be set up as a defense to an action by an incorporated state insane hospital to recover for board and medical attention furnished an inmate, where the hospital is owned and controlled by the state, is a mere governmental agency thereof, and all charges imposed for the care and maintenance of the hospital's inmates are for the benefit of the state and when collected go to the support of the hospital."

The reason for the rule in the case of state hospitals for the mentally ill is well stated in *Central Hospital for Insane v. Adams*, 134 *Tenn.* 429, 183 *S. W.* 1032, 1034, *L. R. A.* 1916E, 94:

"The recovery in this case will go directly to assist the state in caring for the inmates who are the dependent wards of the state's bounty.

"These hospitals for the insane do not serve a mere local purpose."

And again in *Eastern State Hospital v. Graves' Committee*, 105 *Va.* 151, 52 *S. E.* 837, 838, 3 *L. R. A., N. S.*, 746, 8 *Ann. Cas.* 701:

"* * * if there is a recovery, it will be for the benefit of the state, and the state alone, not for the benefit of the directors, nor for the benefit of any subordinate division of the state; but for the whole people—the state at large."

The plaintiff, Delaware State Hospital, is a public institution. It was created, and is owned, controlled and maintained, by the State of Delaware. The Board of Trustees of the hospital has the control and management of the hospital, with appropriate powers to enter into contracts in carrying out its duties. 16 *Del. C.* § 5101 *et seq.* The hospital is a State agency. In its care of the mentally ill, it is engaged in the performance of a valid State function. *In re Hicka,* 1943, 180 *Misc.* 173, 40 *N. Y. S.* 2d 267, 269; *Sporza v. German Sav. Bank,* 1908, 192 *N. Y.* 8, 84 *N. E.* 406, 408; *State ex rel. Bricker v Griffith, Ohio App.* 1941, 36 *N. E.* 2d 489, 491; *Central Hospital for Insane v. Adams, supra; and Eastern State Hospital v. Graves' Committee, supra.*

In addition to the strength of the above general rule applicable to the Statute of Limitations in this case, there is a specific section in that chapter of our State Code which affirmatively leads me to believe that our General Assembly did not intend the limitations provisions to be applicable to the Delaware State Hospital. That section is 16 *Del. C.* § 5127, which provides as follows:

"Liability for maintenance of patient; collection remedies

"(a) Any person committed to, or placed in the Delaware State Hospital at Farnhurst, shall *at all times* be liable for the care, maintenance and support furnished to and received by him while an inmate of the Hospital. Nothing in this section shall relieve from liability for the support of the patient, any person liable under any other law of this State. (Emphasis added.)

"(b) The State Board of Trustees of the Hospital shall keep an account of the cost of the care, maintenance and sup-

port furnished each patient while in the Hospital and shall credit against the account all monies received from the patient or from any other person for or on behalf of the patient.

"(c) The Board of Trustees may collect from any patient, or from the trustee for any patient, or out of the property, monies and effects of any patient, all monies necessary to discharge and pay all liability of the patient for his care, maintenance and support.

"(d) The Board of Trustees may also proceed for the recovery of the monies necessary for the care, maintenance and support in an action to be brought in the Superior Court in the name of the State Board of Trustees of the Delaware State Hospital at Farnhurst or by petition to the Court of Chancery if the patient has been ascertained to be insane by inquisition duly held."

The statute not only sets up a specific method of ascertaining the monetary value of the care, maintenance and support of the patient, but it also provides a method of collecting the same from the patient, his trustee or estate. Significantly, the statute provides that the patient shall be liable to the hospital "*at all times*". It is a commonly known fact, of which the Court may take judicial notice, that many mentally ill persons are of good physical health, live to be quite old, and occasionally come into property late in life by inheritance or otherwise. It is also true that a small number of patients have property which the family neglects to mention to the hospital officials, and this fact is sometimes never known or ascertained until after the patient dies, and public notice is given that an executor or administrator has been appointed. If the Statute of Limitations should be permitted to run against the State Hospital in cases such as the instant one, it would have the effect of precluding the State from recouping the public funds expended on behalf of an indigent or supposedly indigent patient, even though it should come to the knowledge of the State Hospital that such patient

or his estate is possessed of sufficient property to make restitution in whole or in part to the State Hospital. In the interest of the public, this situation should not prevail.

■■ The defendant executor argues, however, that the recent case of *Mayor and Council of Wilmington v. Durham, Del. Super.* 1959, 2 *Storey* 110, 152 *A.* 2d 568, is applicable. In that case, this Court held that the Statute of Limitations relied upon here was applicable to a civil suit by the City of Wilmington for the collection of a license fee under the City Ordinances. The case has since been affirmed by our Supreme Court, and is reported in *Mayor and Council of Wilmington v. Dukes*, 2 *Storey* 318, 157 *A.* 2d 789. For the reasons already stated, I am of the opinion that the statute does not bar the Delaware State Hospital in a suit for care, maintenance and support of a patient, or a former patient. As pointed out above, if there is a recovery in this case by the State Hospital, it will go directly to assist the State in caring for the dependent wards of the State's bounty; the hospital does not serve a mere local purpose, the recovery would be for the whole people, the State at large. This is not so in the case of the City of Wilmington suing for a license fee; the recovery there would go for the benefit of a local political subdivision only. As stated in the opinion of the Supreme Court in the *Dukes* case, the privilege of governmental immunity as relates to the Statute of Limitations is a prerogative one, and cannot be invoked by any person or corporation inferior to the sovereign. The *Dukes* case does not support the argument that the Statute of Limitations applies in this case.

For the reasons above stated, the Statute of Limitations, as found in 10 *Del. C.* § 8106, is not applicable in this case.

Order has previously been entered.