Belknap Probate Court,
No. 5530.

### In re Ralph L. Dockham Estate.

Argued December 6, 1966.
Decided March 29, 1967.

*Nighswander, Lord & Martin* ( *Mr. William S. Lord* orally )
pro se, as administrator.

*George S. Pappagianis,* Attorney General and *R. Peter Shapiro,*
Assistant Attorney General ( *Mr. Shapiro* orally ), for the State.

DUNCAN, J. RSA 8:43 provides in part that the " state is entitled
to recover the expense of care, treatment and maintenance of any
patient or inmate at [ the New Hampshire Hospital ] . . . from
the patient or inmate . . . or his estate . . . ." Provisions added
in 1965 relate to recovery of the expense of care of inmates at
the Laconia State School. Laws 1965, *c.* 16; RSA 8:43 ( supp ).

RSA 556:3 ( supp ) provides that no action against an
administrator shall be sustained " unless the demand was exhibited
to the administrator within six months after the original grant of
administration . . . ." The issue presented is whether the claim
of the State is barred by reason of this provision. We hold that
it is.

In *Reconstruction &c. Corp.* v. *Faulkner,* 100 N. H. 192, 193
we referred to the " deep rooted principle *. . .* that time does not
run against the federal or a state government, " and held that the
plaintiff in that case, as an agency of the federal government,
was immune from the operation of RSA 556:1, 3. At the same
time, we pointed out that the statute is a " nonclaim statute " the
purpose of which is to secure the orderly and expeditious
settlement of estates. In the annotation in 34 A.L.R. 2d 1003,
1008 - 9, it is said that a slight preponderance of the authority
upon the subject holds that such nonclaim statutes apply to claims
by a State or its subdivisions. In the view so taken, nonclaim
statutes are to be distinguished from general statutes of limitation,
since they operate to extinguish a claim, while general limitations
serve merely to bar the remedy. *Reith* v. *County of Mountrail,*
( N.D. ) 104 N. W. 2d 667.

Here the State seeks to enforce a statutory right, and in order
to do so seeks to avoid compliance with its own substantive law
prescribing the prerequisites to enforcement of such a right. *Bahr*
v. *Zahm,* 219 Ind. 297. The policy which favors the expeditious
settlement of estates was fortified by recent legislation, materially
shortening the periods within which claims are required to be
presented and sued upon. Laws 1959, 114:1, 3, 4; RSA 556:1,
3, 5, 7 ( supp ). See *Sullivan* v. *Marshall,* 93 N. H. 456; *Frost*

v. *Frost*, 100 N. H. 326, 328. The general principle that the State is immune from the consequences of the lapse of time where general limitations are concerned is not to be extended in derogation of specific statutory requirements adopted to expedite the settlement of estates. See *Gossler* v. *Manchester*, 107 N. H. 310; *In re Estate of Bird*, 410 Ill. 390, 395; *State* v. *Moore's Estate*, ( Fla. ) 153 So. 2d 819. See *State* v. *Stafford Company*, 99 N. H. 92, 97; *State* v. *Company* 49 N. H. 240, 254.

The question certified by the probate court is answered in the affirmative.

*Remanded.*

BLANDIN, J., sat at argument but took no part in the decision; the others concurred.