**STATE of Missouri ex rel. JACKSON COUNTY, Missouri, Plaintiff-Respondent,**

**St. Louis County, Missouri, Intervenor-Plaintiff-Respondent,**

**v.**

**James R. SPRADLING, Director, Department of Revenue, and Department of Revenue, State of Missouri, Defendants-Appellants.**

No. 58814.

Supreme Court of Missouri, En Banc.

April 14, 1975.

Rehearing Denied May 12, 1975.

———◆———

Stanley Christopher, County Counselor, Charles J. Fraas, Jr., John Edward Cash, Associate County Counselors, Albert B. Rubin, Asst. County Counselor, Kansas City, for respondent, Jackson County, Missouri.

Thomas W. Wehrle, County Counselor, Morton I. Golder, Deputy County Counselor, Jane Klaber, Asst. County Counselor, Clayton, for intervenor-respondent, St. Louis County, Missouri.

John C. Danforth, Atty. Gen., Mark D. Mittleman, Asst. Atty. Gen., Jefferson City, for defendants-appellants.

HOLMAN, Judge.

This is an appeal from a declaratory judgment wherein the trial court declared that the Department of Revenue is required to reimburse respondents, counties of the first class with a charter form of government, for one-half of the costs and expenses of making property assessments. Construction of the revenue laws of this state is involved and therefore appellate jurisdiction is in this court. Art. V, Sec. 3, Mo.Const., V.A.M.S. We reverse and remand.

Section 137.330, V.A.M.S., which pertained only to first-class counties, originally read as follows:

One-half of all the costs and expenses of the assessor in making the assessment and in the preparation of abstracts of assessment lists and tax bills shall be paid by the state. When the aggregate of such costs and expenses for each year shall have been ascertained, the county clerk or if there be a county comptroller or auditor, then the county comptroller or auditor, of such county shall certify to the director of revenue the amount of said costs, one-half of which shall be paid by the state out of funds appropriated for that purpose.

While that provision was in force, one-half of all the assessment costs and expense of first-class counties were paid by the state with no limitations. The above section, however, was amended in 1969, by Senate Bill 1, and it now reads as follows:

One-half of all the costs and expenses of making the assessment and in the preparation of abstracts of assessment lists and tax bills shall be paid by the state, but in calculating these costs and expenses *no amount shall be allowed for the salaries of the assessors [sic], his clerks, and his deputies in excess of that provided in Section 53.071, RSMo.* When the amount due has been determined by the state director of revenue, he shall pay such claim out of funds appropriated for that purpose. Laws of Mo., 1969, p. 78. (Emphasis added).

Section 53.071, to which the amended section 137.330 referred, was a separate provision of the same act which amended

Section 137.330. It provided, in part, as follows:

1. For the performance of their existing statutory duties and for the additional duties set forth in sections 53.081 and 53.091, each county assessor, *except in counties of the first class, having a charter form of government,* shall receive an annual salary for his services and shall, subject to the approval of the county court, appoint the additional clerks and deputies that he deems necessary for the prompt and proper discharge of the duties of his office. *A portion of each county assessor's salary and of the salaries for his clerks and deputies shall be paid by the state in an amount equal to the sum paid by the state for assessor's, clerk's and deputies' compensation in that county in the year 1969,* and the remainder of the assessor's salary and the salaries for his clerks and deputies shall be paid by his county. The salary of each assessor shall be determined as follows: [here followed a listing of the salaries established for assessors in counties with various assessed valuations]. (Emphasis added).

Although not directly in issue at the present time, Section 137.530, governing reimbursement for assessment for the City of St. Louis, was also amended by the same 1969 act to read as follows:

The costs and expenses of the assessment for each year shall be paid by the city. The city comptroller shall, as soon as the amount is ascertained, certify the same to the director of revenue for approval, and if found correct *a warrant shall be issued in favor of the city for the amount provided in section 53.071, RSMo,* for salaries, and for one-half of all other costs and expenses of the assessment. (Emphasis added).

This action arises out of the director of revenue's actions with respect to the reimbursement of Jackson County and St. Louis County for the fiscal year 1973. For that year, appellant Director of Reve-

nue paid respondent Jackson County one-half of its other expenses and costs of assessment, but limited the reimbursement for salaries to one-half of the total sum paid in salaries in 1969. Jackson County's petition for declaratory judgment alleged that no such limitation on reimbursement for salaries was required by law and prayed for a judgment in the amount of $55,946.63, the amount allegedly withheld improperly from Jackson County.

St. Louis County intervened as a party plaintiff and alleged that it had certified to appellants its costs and expenses of assessment for the fiscal year 1973 for a total of $1,451,008.55 and that it had not been reimbursed for any portion of that amount. Its petition further prayed for a judgment in the amount of $725,504.27, one-half of the county's assessment expenses including salaries.

The Department of Revenue admitted that it has paid St. Louis County its certified cost without reference to any limitations contained in Section 53.071 for the years 1970 through 1972, but contends these reimbursements were erroneously made.

Each party moved for summary judgment, and the case was submitted on the motions. Thereafter, the trial court entered its memorandum opinion and order sustaining the motions of the two counties and overruling the motion of the appellants. Judgment was entered accordingly.

Three interpretations as to the meaning of Section 53.071 and its effect on the application of Section 137.330 have been proffered. Two are urged in the alternative by the appellant and one, that which was approved by the trial court, is embodied in the contention of respondents.

The primary interpretation urged by the appellants is that the interaction of the two statutory provisions effectively precludes reimbursement in any amount to first class charter counties for salaries of their assessors and deputies. Their logic, as ex-

pressed in their brief, is as follows: "The amended Section 137.330, RSMo. Supp. 1973, explictly states that the state shall pay one-half of all costs and expenses of making the assessments and preparing abstracts and assessment lists and tax bills in first-class counties, 'but in calculating these costs and expenses no amount shall be allowed for the salaries of the assessors [sic], his clerks, and his deputies in excess of that provided in Section 53.071, RSMo.' In other words, a county is entitled to no reimbursement for salaries unless there is specific provision for such reimbursement in Section 53.071. Referring to the latter statute, it is quite clear that no provision has been made for reimbursement in counties of the first class having a charter form of government."

Assuming that Section 137.330 does not bar all reimbursement of first-class charter counties for salaries, appellants argue in the alternative, that such reimbursement is limited by Section 53.071 to the salary levels reimbursed in the year 1969.

It is respondents' position, which was sustained by the trial court, that the effect of Sections 137.330 and 53.071 is to provide for reimbursement for one-half of all assessment expenses for first-class charter counties, without any limitation based on 1969 salaries.

■■■ We find the following principles to be applicable and shall set them forth prior to proceeding further: "In determining the meaning of an ordinance or statute . . . the courts generally seek to ascertain the intention of the lawmakers by giving the words used their ordinary meaning, by considering the entire act and its purposes, and by seeking to avoid unjust, absurd, unreasonable, confiscatory or oppressive results. . . ." Suburbia Gardens Nursery, Inc. v. County of St. Louis, 377 S.W.2d 266, 271 (Mo.1964). Further, " . . . [t]he endeavor should be made, by tracing the history of legislation on the subject, to ascertain the uniform and consistent purpose of the legislature, or to dis-

cover how the policy of the legislature with respect to the subject matter has been changed or modified from time to. time. In other words, in determining the meaning of a particular statute, resort may be had to the established policy of the legislature as disclosed by a general course of legislation. With this purpose in view it is proper to consider, not only acts passed at the same session of the legislature, . . . but also acts passed at prior legislative sessions and, likewise acts passed at subsequent legislative session . . . ." 82 C.J.S. Statutes § 366, pp. 808–10.

It has been the settled policy of this state for more than a century to pay approximately one-half of the cost of assessing property in all of the counties and the City of St. Louis. See Section 44, p. 936, RSMo 1845 and subsequent revisions. Under the statutes in effect at the time of the 1969 changes the City of St. Louis and all of the counties were receiving reimbursement for one-half of the costs of assessment without any limitations. The 1969 act repealed eighteen sections which provided for the compensation of assessors for various duties based largely on county classification and provided a schedule for such compensation in one section (53.071) based on the assessed valuation of the counties. The compensation of assessors in first-class charter counties was not fixed therein because Art. 6, Section 18(e) prohibits the enactment of any law which would fix the salary of any officer or employee of a charter county. Hence the provision in Section 53.071 excepting first-class charter counties. The same act reenacted Section 137.330 which provided that the state pay one-half of all the costs and expenses of making the assessment in first-class counties but further provided that no amount should be allowed for the salaries of the assessors, their clerks, etc., in excess of that provided in Section 53.-071. This latter provision not only had reference to the specific salaries fixed in that section but undoubtedly referred to the second sentence of the section which reads as follows: "A portion of each coun-

ty assessor's salary and of the salaries for his clerks and deputies shall be paid by the state in an amount equal to the sum paid by the state for assessor's, clerk's, and deputies' compensation in that county in the year 1969, and the remainder of the assessors' salary and the salaries for his clerks and deputies shall be paid by his county. . . ."

■ As indicated, appellants contend that since there is no provision in Section 53.071 for the salary of assessors in first-class charter counties that the state is not required or authorized to reimburse for any of their salary cost. In other words, ½ of 0 = 0. We do not agree. We find nothing in the 1969 enactment nor in any other law to indicate that the legislature intended to discontinue its established policy of paying a substantial part of the assessment cost in first-class charter counties. The act clearly indicates an intent to continue that support in all counties and the City of St. Louis. Moreover, at that time St. Louis County was the only first-class charter county in the state. It would have been unjust, unreasonable and absurd to have excluded that county from the benefits of the act while providing such for all of the remainder of the state. We refuse to attribute such an intent to the General Assembly. Furthermore, if such had been the intent the provision logically would have been placed in Section 137.330 rather than in Section 53.071. We rule this point contrary to appellants' contention.

We are, however, of the view that the trial court erred in ruling that first-class charter counties are exempt from the limitation contained in Section 53.071 because excepted from the provisions of that section. We think that exception was placed in the section for the sole purpose of making it clear that the salary schedule therein would not apply to such counties. As heretofore indicated, in the absence of such an exception the section would have violated Const. Art. 6, Sec. 18(e).

It is our conclusion that when sections 53.071, 137.330 and 137.530 are considered together they indicate a legislative intent to modify the long standing state policy of paying one-half of the assessment cost by placing a general limitation or ceiling on .the amount of salary expense the state will share. It is common knowledge that as a result of inflation in our economy many salaries are frequently increased. The legislature by the 1969 act indicated a decision not to participate in reimbursement for any future salary increases. There is, however, nothing to indicate that it did not intend for this policy change to apply to first-class charter counties. Our view is that in placing the limitation reference to Section 53.071 in Section 137.330 the legislature simply overlooked the fact that first-class charter counties were excepted from that section. See, City of Joplin v. Joplin Water Works Company, 386 S.W.2d 369[6, 7](Mo.1965) and cases cited therein. It would have been unreasonable for the legislature to have intentionally excepted first-class charter counties from the salary limitation when it had no control over the amount of the salaries paid in such counties while placing the limitation on all other counties in regard to which it had the duty to fix and thus control the salaries.

■ Respondents have briefed the point that the doctrine of contemporaneous construction should be applied in ruling this issue. They remind us that appellants paid St. Louis County one-half of the entire assessment expense for the years 1970, 1971 and 1972 without applying the limitation contained in Section 53.071. It is inferred that this action indicates a contruction of the statute by appellants which accords with the trial court's judgment. If it appeared that appellants actually so construed the statute such should be given consideration. See, Rathjen v. Reorganized School District R–II, 365 Mo. 518, 284 S.W.2d 516 (1955) and United States v. Pennsylvania Industrial Chemical Corp. (3rd Cir. 1972), 461 F.2d 468[9]. Appellants, however, say

that they made such payments inadvertently (apparently without knowledge that the law had been changed) and hence it is our conclusion that they did not actually construe the statute. In that situation we do not give substantial weight to the fact that such payments were made.

Having found nothing in the 1969 act (except the technical drafting error) to indicate an intent to exclude first-class charter counties from the salary limitation provision we rule that such limitation applies to such counties and accordingly sustain appellants' alternative contention in that regard.

The judgment is reversed and cause remanded with directions to enter a new judgment in accordance with the views expressed in this opinion.

All concur.