In the Matter of the ESTATE OF Susie THOMAS, Deceased.

STATE of Missouri, By the DEPARTMENT OF SOCIAL SERVICES, Plaintiff–Appellant,

v.

Wanda BOWLING, Personal Representative, Defendant–Respondent.

No. 69242.

Supreme Court of Missouri, En Banc.

Jan. 20, 1988.

---

William L. Webster, Atty. Gen., William E. Cornwell, Asst. Atty. Gen., Jefferson City, for plaintiff and appellant.

Robert S. Wiley, Crane, for defendant and respondent.

RENDLEN, Judge.

The State of Missouri, Department of Social Services (Department), appeals the trial court's order dismissing its claim against Wanda Bowling, personal representative of the Estate of Susie Thomas, for reimbursement of medical payments made on behalf of the decedent by the Department through its Division of Family Services.

The estate was opened March 15, 1985 with the first publication of notice March 20. On September 27, six months and six days following the publication of notice, the State filed claim in Barry County Circuit Court, Probate Division, seeking reimbursement of $1,923.16 for medical payments made on behalf of the deceased by the Department of Social Services. The claim was premised on sec. 473.398, RSMo 1986, which provides in pertinent part that upon the death of a recipient of aid or of one for whom monies have been expended by the Department of Social Services, the "total amount paid shall be a debt due the *state* ... [collectible] ... as provided by the Probate Code of Missouri." (Emphasis added.)

The personal representative refused the claim, pointing to sec. 473.360.1, RSMo 1986, as amended in 1980, which bars claims not filed within six months from the first publication of notice of letters. Responding, the State contended its claim fell within the statute's exemption provision, relieving it from the six months limitation period. The provision specifically exempts "claims of any taxing authority within the United States" from which the State argued the claim was for a debt due the State, and as a "taxing authority within the United States" it enjoyed the protection of the exemption. The trial court, apparently unimpressed with that contention, summarily denied the claim and after the judgment was affirmed in the Court of Appeals, Southern District, we accepted transfer and decide the cause as though on original appeal. Mo. Const. art. V, sec. 10.

The sole issue is whether the State's claim, concededly filed beyond the statutory six-month non-claim period, falls within the statute's provision exempting such claim from the statute's narrow limitation requirement. Holding that it does, we reverse and remand.

Section 473.360.1, RSMo 1986, which reflects a 1980 amendment to the prior statute, provides in pertinent part:

1. Except as provided in sec. 473.370 [pertaining to judgment creditors], all claims against the estate of a deceased person, other than costs and expenses of administration, ... claims of the United States and *claims of any taxing author-*

*ity within the United States,* ... which are not filed ... or paid ... within six months after the first published notice of letters testamentary or of administration, are forever barred against the estate....

(Emphasis added.) Before the 1980 amendment, the above emphasized portion of section 473.360.1 exempted "tax claims of the state of Missouri and subdivisions thereof." Section 473.360.1, RSMo 1978. The 1980 amendment effected two changes pertinent to our inquiry: It expanded the class of entities whose claims are eligible for the exemption by substituting the words "any taxing authority in the United States" for the phrase "the state of Missouri and its subdivisions thereof"; and it broadened the category of exempt claims from tax claims to *any* claim of a taxing authority. Now, not only are Missouri tax claims exempt from the six months non-claim statute, but also, *all other claims* of any taxing authority within the United States be it in or outside the State of Missouri.

The personal representative disputes this construction of the plain language of the statute, contending that the phrase "claims of any taxing authority *in the United States*" contains a latent ambiguity and urges that we look beyond the words for a legislative intent narrowing the exemption's scope. Despite the statute's expansive term "claims," the personal representative argues the legislature's use of the words "taxing authority" indicates an intention to qualify the term and exempt only the *tax claims* of such taxing authorities. She argues this must be true because the predecessor section (sec. 473.360, RSMo 1978) exempted from its operation only "tax claims" of the State of Missouri and its political subdivisions, and refers us to the following Committee Comment (adopted from the Missouri Bar Drafting Committee) to the revised exemption: "The [1980] amendment to Subsection 1 would exempt from the filing requirement, claims for exempt property, family allowance, homestead allowance and *taxes of any type,* as well as all other claims actually

paid by the personal representative within the six-month period." (Emphasis added) She urges the sole purpose of the language change from "tax claims" to "claims of any taxing authority" was to allow tax claims from other states and their political sudivisions to be filed beyond the six-month period.

 However, when the language of the statute is unambiguous and conveys a plain and definite meaning, "the courts have no business foraging among such rules [of construction] to look for or impose another meaning." *DePoortere v. Commercial Credit Corporation,* 500 S.W.2d 724, 727 (Mo.App.1973). When statutes are "[w]ithout ambiguity, courts should regard laws as meaning what they say; the General Assembly is presumed to have intended exactly what it states directly and unambiguously." *Id.* Although the personal representative's contention is not without support in the scholarly literature [1], the canons of construction operate only to resolve not to create a statutory ambiguity. *State ex rel. Sei v. Haid,* 332 Mo. 1061, 61 S.W.2d 950, 954 (1933).

As previously discussed, sec. 473.360.1 provides an exemption from the six months limitation period for claims of a "taxing authority." While this phrase has not been heretofore judicially considered in the context of the non-claim statute, there can be no question that the State of Missouri is a principal entity among the class intended as "taxing authorit[ies]" whose claims enjoy the exemption. The term "taxing authority" is defined in sec. 141.220(15), RSMo 1986, governing revenue and taxation, to include:

> any governmental, managing, administering or other lawful authority, now or hereafter empowered by law to issue tax bills, the state of Missouri or any county, municipality, school district, road district, water district, sewer district, levee district, drainage district, special benefit district, special assessment district, or

---

**1.** *See* 4 Hanna, Missouri Practice and Procedure, Probate Code Manual, sec. 473.360 (1986)

(legislature intended to restrict exemption to the tax claims of taxing authorities).

park district, affected by sections 141.210 to 141.810.

Assisted by this definition, it is manifest that a "taxing authority" in the context here is a governmental entity possessing the authority to levy taxes.

By the 1980 amendment the legislature made clear its intent to modify the prior law, and the statute's unambiguous terms must be given their plain and ordinary meaning. *Dunn v. Bemor Petroleum,* 737 S.W.2d 187, 189 (Mo. banc 1987). As noted above, sec. 473.398 describes the sums paid decedent as a *debt* due the state, collectible as provided in the probate code. In probate the term "liability" typically, if not exclusively, refers to a debt or a pecuniary obligation. *Strumberg v. Mercantile Trust Co.,* 367 S.W.2d 535, 538 (Mo.1963); *Hartog v. Siegler,* 615 S.W.2d 632, 638 (Mo.App.1981). Hence, we conclude the express statutory liability to the State under sec. 473.398 for monies expended by the Department of Social Services on behalf of the deceased is a "claim" of the sort contemplated in probate which falls within the scope of sec. 472.010(3), RSMo 1986, defining "claims" as *"liabilities of the decedent* which survive whether arising in contract, tort *or otherwise ..."*. (Emphasis added.)

The judgment of the trial court is reversed and the cause remanded for further proceedings.

BLACKMAR, ROBERTSON and HIGGINS, JJ., concur.

DONNELLY, J., dissents in separate opinion filed.

BILLINGS, C.J. and WELLIVER, J., dissent and concur in separate dissenting opinion of DONNELLY, J.

DONNELLY, Judge, dissenting.

I respectfully dissent and would adopt the opinion written by Judge Almon H. Maus for the Southern District of the Court of Appeals:

This case presents a question not heretofore decided by an appellate court of this state. That question is: Does the non-claim statute, § 473.360, bar a claim of the State of Missouri under § 473.398 to recover funds paid to or on behalf of a decedent.

The following is a concise statement of the facts presenting that question. Susie Thomas died February 22, 1985, a resident of Barry County. Her will was admitted to probate and letters testamentary were granted on March 15, 1985. Notice of letters was duly published. The first publication was on March 20, 1985. The State of Missouri, Department of Social Services, Division of Family Services, filed its claim on September 27, 1985. That claim was for $1,932.16 on account of medical services provided by that Department for the decedent. The claim was made pursuant to the provisions of § 473.398. The Probate Division held that the claim was barred by the statute of non-claim. § 473.360.1. Judgment was entered denying the claim. On appeal the state contends the statute of non-claim is not applicable.

The basic statute of non-claim under consideration reads as follows.

Except as provided in section 473.370, all claims against the estate of a deceased person, other than costs and expenses of administration, exempt property, family allowance, homestead allowance, claims of the United States and *claims of any taxing authority within the United States,* whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate division, or are not paid by the personal representative, within six months after the first published notice of letters testamentary or of administration, are forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent. No contingent claim based on any warranty made in connection with the conveyance of real estate is barred under this section.

Section 473.360.1 (emphasis added). Before the Probate Code Revision of 1980, the emphasized portion of that section read "tax claims of the state of Missouri and subdivisions thereof." The Probate Code

Revision also added "exempt property, family allowance, homestead allowance."

The parties have filed excellent briefs. They cite cases which consider statutes that in terms bar "all claims" and contain no express exceptions. The cases are divided upon the question of whether or not such a statute bars the claim of a state or its subdivisions. The cases holding such claims are not so barred are generally based upon the proposition that a statute of limitations does not run against the sovereign state. See *State Board of Trustees v. Boyer,* 52 Del. 458, 159 A.2d 793 (1960); *In re Bogert's Will,* 64 N.M. 438, 329 P.2d 1023 (1958); *State Department of Public Welfare v. O'Brien,* 200 Tenn. 475, 292 S.W.2d 733 (1956). The cases to the contrary rely primarily upon one or both of two principles to establish the intent of the legislature that such claims may be so barred. *State v. Crocker's Estate,* 38 Ala. App. 306, 83 So.2d 261 (1955).

The first principle is the overriding purpose of the non-claim statute. "The general principle that the state is immune from the consequences of the lapse of time where general limitations are concerned is not to be extended in derogation of specific statutory requirements adopted to expedite the settlement of estates." *In re Estate of Dockham,* 108 N.H. 80, 227 A.2d 774, 775 (1967). Also see *State v. Moore's Estate,* 153 So.2d 819 (Fla.1963); *State ex rel. Cent. State Griffin Mem. Hosp. v. Reed,* 493 P.2d 815 (Okl.1972); *State v. Bower,* 362 P.2d 814 (Wyo.1961).

The second principle is a distinction between ordinary statutes of limitations and statutes of non-claim. "These cases hold that instead of merely withholding the remedy, as in the case of an ordinary statute of limitation, a statute of non-claim operates to destroy the claim or the debt." *State v. Crocker's Estate, supra,* 83 So.2d at 263. Also see *State v. Goldfarb,* 160 Conn. 320, 278 A.2d 818 (1971); *In re Ashing's Estate,* 250 Iowa 259, 93 N.W.2d 587 (1958); *In re Estate of Dockham, supra; Reith v. County of Mountrail,* 104 N.W.2d 667 (N.D.1960). In the absence of statutory exception, the claim of a state for taxes has

been held indistinguishable from other claims and "[t]he purpose of statutes of nonclaim is to expedite the settlement of estates in the interest of public welfare and for the benefit of those interested in the estates. We think the state itself should be held to the same rule for the same reason." *State v. Moore's Estate, supra,* at 821–822. Other cases have found that such a claim for taxes is not barred because not founded on contract, *Reith v. County of Mountrail, supra,* or was excepted because the personal representative could pay the same without a claim being made. *In re Estate of Randall,* 441 P.2d 153 (Colo.1968). The topic is the subject of an annotation. Annot., Nonclaim Statute—Claim of Government, 34 A.L.R.2d 1003 (1954). The cases are also collected in *State v. Crocker's Estate, supra,* and *Department of Public Welfare v. Anderson,* 377 Mass. 64, 384 N.E.2d 628 (1979).

Section 473.360.1 presents the question of the status of claims of the state in a context different than that presented by the statutes of non-claim considered in the cited cases. Those statutes were in terms applicable to all claims without any express exception. The Missouri statute did contain an express exception of tax claims of the state and its subdivisions. It now provides an express exception of "claims of any taxing authority within the United States." It is appropriate to first consider the applicability of § 473.360.1 if it contained no express exception.

Missouri has recognized the doctrine that statutes of limitations did not run against the state. "There can be no doubt but that at common law statutes of limitation did not apply to actions by the state. This concept was expressed by the maxim 'No time runs against the Crown' (Nullum tempus occurrit regi). Annotations 101 Am.St. Rep. 144; *County of St. Charles v. Powell,* 22 Mo. 525, 66 Am.Dec. 637." *State v. Dalton,* 353 Mo. 307, 182 S.W.2d 311, 312 (1944). The question is did the legislature in enacting the non-claim statute as part of the Probate Code intend for that doctrine to apply to that statute. This court determines that it did not. That intent is established by the following.

The "purposes of the code are to provide a speedy method for administering a decedent's estate, to establish a time after which claims are forever barred against the estate, the executor or administrator, and the distributees, and to broaden the jurisdiction of probate courts to accomplish said purposes." *North v. Hawkinson,* 324 S.W. 2d 733, 736 (Mo.1959). It has been declared the non-claim statute has "the attributes, characteristics and consequences of general statutes of limitation and should be so enforced." *North v. Hawkinson, supra,* at 743 (Storckman, P.J., separate opinion). Nonetheless, the non-claim statute has been held to be of a different nature. A personal representative has no authority to waive the bar of that statute. *State ex rel. Dean v. Daues,* 321 Mo. 1126, 14 S.W. 2d 990 (1928); *Bank of Skidmore v. Bartram,* 142 S.W.2d 657 (Mo.App.1940); *Gooldy v. Lavender,* 223 Mo.App. 354, 16 S.W.2d 681 (1929). "It may be pertinent here to note that non-claim statutes, even under our former act, were held to be mandatory and in effect jurisdictional." *Clarke v. Organ,* 329 S.W.2d 670, 675 (Mo. banc 1959). The legislature has clearly expressed its intent concerning the general statutes of limitation. "The limitation prescribed in sections 516.010 to 516.370 shall apply to actions brought in the name of this state, or for its benefit, in the same manner as to actions by private parties." § 516.360. It would be anomalous to exclude claims of the state from the general language of the non-claim statute.

Finally, the applicability of the general language of the non-claim statute is established by the exception. If that general language is not applicable, there was no need to provide an express exception. The state's argument that the state, because it is the sovereign, is not bound by the general language of the non-claim statute is not valid. The general language of the non-claim statute is applicable to claims of the state. That being so, the resolution of this case is dependent upon the construction of the express exception.

The state's contention the claim in question falls within that exception is supported by the following argument. The state, by statutory definition, § 141.220(15), and the common meaning of the words, is a taxing authority. *United States v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) holds that because it is the sovereign, a non-tax claim of the United States is not barred by a state non-claim statute. The exception excludes "claims" of the United States which term must include non-tax claims. "Claims" of taxing authority must bear the same meaning. Further, the instant non-tax claim falls within the statutory definition of "claims" in § 472.010(3). Therefore, the state concludes the meaning of the exception is clear, there is no ambiguity and no basis for a construction of the exclusion.

That argument is well stated. However, it has been observed that "uncertainty as to the meaning of a statute may arise from the fact that giving a literal interpretation to the words would lead to such unreasonable, unjust, impracticable, or absurd consequences as to compel a conviction that they could not have been intended by the legislature." 73 Am.Jur.2d Statutes § 195 (1974). The court finds that observation applicable to this case. Further, the meaning of the exclusion is made less than unambiguous by the language used in fixing the qualifications of an entity within the exclusion. It is a reasonable argument that the language limiting the exemption to a "taxing authority" carries with it a limitation to claims existing by reason of that qualification, i.e., tax claims. Cf. *Matter of Estate of Nay,* 489 N.E.2d 632 (Ind.App. 1986). The scope of the exclusion is ambiguous. In determining its applicability it is appropriate to look to rules of construction.

The fundamental rule is to determine the intent of the legislature. *Sermchief v. Gonzales,* 660 S.W.2d 683 (Mo. banc 1983). The subsidiary rules that have been enunciated as guidance in determining that intent are many. Those rules determinative of this case are those that are hereafter stated and discussed.

The endeavor should be made, by tracing the history of legislation on the subject, to ascertain the uniform and consistent purpose of the legislature, or to discover

how the policy of the legislature with respect to the subject matter has been changed or modified from time to time. In other words, in determining the meaning of a particular statute, resort may be had to the established policy of the legislature as disclosed by a general course of legislation.

*State ex rel. Jackson County v. Spradling,* 522 S.W.2d 788, 791 (Mo. banc 1975); 82 C.J.S. Statutes § 366 (1975). The purpose of the statute of non-claim has been noted. The history of that statute, its purpose and the established policy of the legislature has been succinctly and sagaciously summarized.

The purpose of the nonclaim statute is to terminate all claims and promote settlement of estates, a matter of public interest. *In re Estate of Bierman,* 410 S.W.2d 342, 346[3] (Mo.App.1966). The statute enacted in 1955 (patterned in part after the Model Probate Code § 135) was considerably more far-reaching than former nonclaim statutes. *Clarke v. Organ,* 329 S.W.2d 670, 673[1] (Mo. banc 1959). It required notice of contingent as well as absolute claims, omitted the saving provision for infants, prisoners and persons of unsound mind, and defined a mandatory, non-waivable procedure for the orderly processing of all claims against an estate.

*Orphant v. Orphan,* 622 S.W.2d 1, 3 (Mo. App.1981) (footnote omitted).

To the extent of the claims falling within the exclusion the established policy of the legislature is defeated. Those claims had been limited to tax claims of Missouri and its subdivisions. It is illogical to find the legislature intended to further thwart that policy by excluding not only tax claims but *all claims of all states* and their political subdivisions. Such a construction would also run counter to the maxim that exceptions are to be strictly construed and all doubts should be resolved in favor of the general provision and not the exception. *City of Nevada v. Bastow,* 328 S.W.2d 45 (Mo.App.1959).

A factor of decisive importance is that § 473.360 in its present form was a part of the Probate Code Revision of 1980. The draft of that revision contained comments of The Missouri Bar Drafting Committee. The proposed revision of § 473.360 was accompanied by the following comment. "The amendment to Subsection 1 would exempt from the filing requirement, claims for exempt property, family allowance, homestead allowance and *taxes of any type,* as well as all other claims actually paid by the personal representative within the six-month period." Missouri Bar Probate Code 1980 CLE Deskbook (emphasis added). The purpose of the amendment to § 473.360.1 has been explained.

Section 473.360 is amended to enlarge the exemption with respect to the filing of claims to include any 'foreign taxing authority' as well as the State of Missouri and political subdivisions thereof. This provision is particularly necessary in Western Missouri where the estates of numerous Kansas residents are probated in Missouri. The problem arises in connection with state income taxes.

Borron, Comments on Proposed Revisions of Probate Code—Part III, J. of Mo. Bar 322, 323 (July 1975).

It has been held that when the legislature enacts a section of the Model Penal Code "it adopt[s] the interpretation placed thereon in the commentary by the drafters of the model act." *State v. Anderson,* 515 S.W.2d 534, 539 (Mo. banc 1974). It is clear the comment accompanying the revision of § 473.360.1 is to be accorded great weight in determining the intent of the legislature. *John Deere Co. v. Jeff DeWitt Auction Co.,* 690 S.W.2d 511 (Mo.App. 1985). "[T]he express mention of one thing implies the exclusion of another." *Brooks v. Pool–Leffler,* 636 S.W.2d 113, 117 (Mo. App.1982). By mentioning "taxes of any type" the drafters implied the exclusion of non-tax claims of taxing authorities. For the reasons stated this court holds that such non-tax claims do not fall within the exception of § 473.360.1. The judgment of the trial court is affirmed.