**In the ESTATE OF Rebecca I. CAHILL.**

**No. WD 63022.**

Missouri Court of Appeals, Western District.

April 20, 2004.

Lawrence D. Love, Kansas City, for Department of Social Services, appellant.

James Worthington and John Giorza, Lexington, for Rebecca I. Cahill, respondent.

PAUL M. SPINDEN, Judge.

The Department of Social Services appeals the circuit court's judgment dismiss-

---

1. All statutory references are to RSMo 1994, unless otherwise noted.

ing its claim against Rebecca I. Cahill's estate for reimbursement of public assistance benefits in the amount of $22,960.01 paid by the department. The circuit court dismissed the department's claim because it did not file it within a year after Cahill's death as required by § 473.444.1, RSMo 2000. Because the department is exempt from the one year filing limit, we reverse the circuit court's judgment.

Cahill died on February 25, 2002. On December 18, 2002, the circuit court admitted Cahill's will to probate. On January 21, 2003, a creditor requested that the circuit court probate the will. On April 11, 2003, the department filed a claim against Cahill's estate pursuant to § 473.398, RSMo 2000,[1] seeking reimbursement of the Medicaid benefits paid to Cahill. The circuit dismissed the claim. It explained:

> [T]he Court finds that the Claim of the State of Missouri; Department of Social Services, was not filed within the stated time period of 1 year allowed for claims in § 473.444 RSMo. and the case of *State v. Thomas* is not dispositive but that *State v. Brundage* is controlling and therefore this Court has no jurisdiction over said claim filed.

The department appeals.

It asserts that the circuit court erred in dismissing its claim because § 473.444.1 specifically exempts a "taxing authority within the United States" from the one-year deadline, and it qualifies for the exemption. We agree.

Although the Supreme Court has never addressed directly whether or not the department qualifies for the exemption as a taxing authority pursuant to § 473.444, it considered that precise issue in *In the Matter of the Estate of Thomas*, 743 S.W.2d 74 (Mo. banc 1988), in construing § 473.360, RSMo 2000,[2] which is markedly similar to § 473.444 in exempting "a taxing authority within the United States" from the time within which to file a claim against an estate. The Supreme Court concluded that "the State of Missouri is a principal entity among the class intended as 'taxing authorities' whose claims enjoy the exemption" and that the department's claim under § 473.398 was a claim that the General Assembly contemplated to be collected by the probate code. *Id.* at 76–77. The court, therefore, allowed the department to file its claim although it was six days late pursuant to the limitations period in § 473.360.

Cahill's estate responds to *Thomas* by asserting, "That ruling was wrong and this court should uphold the [circuit] court's dismissal and follow the dissent in *Thomas*."[3] We, however, find *Thomas* analogous to this case and find it persuasive.

Moreover, the circuit court erred in relying on *Missouri Department of Social Services v. Brundage*, 85 S.W.3d 43 (Mo. App.2002), to support its dismissal of the department's claim. In *Brundage*, the department sought to recover Medicaid ben-

---

1. Section 473.398.1 says, "Upon the death of a person, who has been a recipient of aid, assistance, care, services, or who has had moneys expended on his behalf by the department of health, department of social services, or the department of mental health, or by a county commission, the total amount paid to the decedent or expended upon his behalf after January 1, 1978, shall be a debt due the state or county, as the case may be, from the estate of the decedent. The debt shall be collected as provided by the probate code of Missouri, chapters 472, 473, 474 and 475, RSMo."

2. Although the General Assembly amended § 473.360 on three different occasions after the Supreme Court handed down its opinion in Thomas, the amendments did not modify the claims that were exempt from the six-month filing period.

3. The Thomas court split 4–3.

efits. Unlike this case, *Brundage* did not involve a fully administered estate. *The Brundage* court held that the small-estate statute, § 473.097, RSMo 2000, did not provide for a cause of action by the department seeking recovery for debts not paid by the small estate affiant. *Id.* at 49. The only remedy was for the state to seek full administration of the estate within one year of the decedent's death. *Id.* Although the court mentioned § 473.444 and the *Thomas* case in its opinion, the court noted:

> The limitations period within § 473.444, RSMo, does not appear to be directly applicable to DMS' claim, under the rationale of *In re Estate of Thomas*, 743 S.W.2d 74 (Mo. banc 1988). Nevertheless, in considering whether we should infer a statutory cause of action against small estate affiants, we consider the limitations period of the statute to be highly persuasive of a legislative intent to encourage prompt filing of claims against a decedent's estate.

*Id.* at 49 n. 4.

The circuit court may have confused the one-year limitation under § 473.444 with the one-year limitation under § 473.020, RSMo 2000. They are not identical. Section 473.444 refers to the one-year limitation within which to file claims in fully administered estates with exceptions. Section 473.020 refers to the one-year limitation within which creditors must seek full administration of an estate. A creditor made the request for full administration of this case on January 21, 2001, which was within the year after Cahill died. Hence, § 473.020 is not at issue in this case.

Section 473.444.1 provides an exemption from the one year filing period for all claims—not just tax claims—of a "taxing authority within the United States." The department was not required to file its claim within one year of the decedent's death. The court, therefore, erred in dismissing its claim. We reverse the circuit court's judgment and remand for further proceedings.

LISA WHITE HARDWICK, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.