STATE ex rel. GREENE COUNTY, Missouri, Plaintiff-Appellant,

and

Clay County, Missouri, Plaintiff-Intervenor,

v.

James R. SPRADLING and Department of Revenue, Defendants-Respondents.

No. 60444.

Supreme Court of Missouri, En Banc.

Dec. 18, 1978.

Theodore L. Johnson, III, Greene County Counselor, Springfield, for plaintiff-appellant.

John D. Ashcroft, Atty. Gen., Stanley H. Robinson, Asst. Atty. Gen., Jefferson City, for defendants-respondents.

SEILER, Judge.

This appeal involves the construction of sections 137.330 and 53.071, RSMo Supp. 1975, which became effective September 1, 1970 and were in effect at the times pertinent herein, as to what amount should be paid by the state (or reimbursed to the county by the state) of the costs and expenses of making the county assessment and in the preparation of abstracts of assessment, lists and tax bills.[1]

The pertinent portions of the two statutes in question provide as follows:

"*137.330. State to share cost of assessment.* One-half of all the costs and expenses of making the assessment and in the preparation of abstracts of assess-

---

1. This case arose as a declaratory judgment action, filed by Greene County, in which Clay County was allowed to intervene. The case was tried under a stipulation of facts. The trial court found for the defendants and plaintiff and intervenor appealed to this court, under the "construction of the revenue laws of this state" clause of our jurisdiction, Mo.Const. art. V, § 3.

ment lists and tax bills shall be paid by the state, but in calculating these costs and expenses no amount shall be allowed for the salaries of the assessors, his clerks, and his deputies in excess of that provided in section 53.071, RSMo. When the amount due has been determined by the state director of revenue, he shall pay such claim out of funds appropriated for that purpose."[2]

"53.071. *Compensation—fees, disposition of (second, third, and fourth class counties).* 1. For the performance of their existing statutory duties and for the additional duties set forth in sections 53.081 and 53.091, each county assessor, except in counties of the first class, shall receive an annual salary for his services and shall, subject to the approval of the county court, appoint the additional clerks and deputies that he deems necessary for the prompt and proper discharge of the duties of his office. A portion of each county assessor's salary and of the salaries for his clerks and deputies shall be paid by the state in an amount equal to the sum paid by the state for assessor's, clerks', and deputies' compensation in that county in the year 1969, and the remainder of the assessor's salary and the salaries for his clerks and deputies shall be paid by his county . . ."

The dispute is over what Greene County is entitled to for 1974 and 1975 and what Clay County is entitled to for 1975.

For 1974, a year in which it was still a second class county, Greene County contends it was entitled to one-half of what the salaries of the assessor and his deputies and clerks were for 1969, plus one-half of the other costs and expenses of assessment, such as preparation of plats, cost of binders, plat books, assessment blanks, mileage, postage, business machine rental, print-

outs, etc. The defendant takes the position that under § 53.071, all the state is obligated to reimburse is an amount equal to what it paid Greene County for the assessor's, clerks' and deputies' compensation in 1969.

For 1975, the year in which it became a first class county, Greene County again contends it was entitled to one half of what the salaries were in 1969, plus one-half of the other costs and expenses of assessment for 1975. The defendants agree the state owes one-half of the other expenses, but as to salaries contends that all it is obligated to pay is an amount equal to what it paid Greene County for salary compensation in 1969.

Clay County, for which only 1975, the year in which it became a first class county, is involved, makes substantially the same contentions as to reimbursement as does Greene County and the defendants make the same response. Clay County prayed relief for 1975 by asking for an amount equal to one-half the salaries for 1969 and one-half the other expenses incurred in 1975 in making the assessments. Included in this was a pro rata share of the salaries paid the employees of the county data processing department, a separate department, based on the amount of time used for assessor's work.[3]

The trial court concluded that in all instances the amount of reimbursement is limited by § 53.071 to an amount equal to what the counties received in 1969 and denied the prayers of relief of the plaintiff and intervenor.

■ As developed by the briefs and oral argument, the real issue is how much is to be reimbursed by the state for the salaries of the assessor, his clerks, and deputies. Plaintiff argues it is absurd and unreason-

---

**2.** Section 137.330, however, applies only to counties within the first class. § 137.325, RSMo 1969.

**3.** The trial court found that the amounts paid the data processing department in Clay County, which was a separate department under the control of the county court, were reimbursable when directly related to costs and expenses of

making the assessment and the lists and tax bills, but where the services performed were previously performed by the assessor, his clerks and deputies, the costs were salaries subject to the 1969 salary reimbursement. No claim is made in the briefs that the court erred in this finding and so we do not address it further.

able to believe the legislature intended that it should be reimbursed for salaries only in an amount equal to whatever the state paid the particular counties in 1969 when, it contends, the policy of the state for over one hundred years has been to reimburse the counties for approximately one-half the cost of assessing property; that what the statutes really mean is that the county is to be reimbursed for one-half of the salary levels for 1969, with first class counties to receive, in addition, one-half the other costs and expenses of making the assessment and preparation of the lists and tax bills. Plaintiff and intervenor argue further that had they been first class counties in 1969, under the law as it then stood with respect to first class counties they would have received one-half of all the costs and expenses of the assessor in making the assessment, § 137.-330, RSMo 1969, and thus "the defendants are willing to reimburse Greene County only one-fifth of the amount to which it would have been entitled had Greene County been a first class county in 1969", a result which they say the legislature never intended.

The statutes seem clear enough. Prior to the change in § 137.330 which became effective September 1, 1970, there was no limitation in § 137.330, RSMo 1969, by reference to § 53.071. In fact, there was no § 53.071 in existence. The prior statute, § 137.330, RSMo 1969, called for an outright payment by the state to a first class county of one-half of "all the costs and expenses of the assessor in making the assessment and in the preparation of abstracts of assessment lists and tax bills . . ." At the same time, in second class counties, another statute, § 53.110, RSMo 1969, provided for a system of fees for services of the county assessor, one-half to be paid by the county and one-half to be paid by the state and deposited in the county treasury. Then, by S.B. 1, Laws of Mo.1969, 3rd Ex.Sess., at 78, the former § 137.330 was repealed and a new § 137.330 enacted in lieu thereof, worded as set out at the beginning of this opinion. The same S.B. 1 also repealed § 53.110 RSMo 1969, and enacted, as a new section, § 53.071, also set out earlier herein.

▮ We fail to see where the fact that prior to the amendment becoming effective September 1, 1970, the law had been that first class counties were entitled to reimbursement or payment by the state of one-half of the assessor's costs and expenses could work any change or increase in what the terms of the new § 137.330 called for. If the legislature decided to limit reimbursement for salaries to an amount equal to whatever amount was paid in 1969, it could do so. Nor is there any merit in plaintiff's argument that had Greene County been a first class county in 1969 and hence entitled at that time to have the state pay one-half the costs, it means that for 1974 and 1975 the state should be required to pay more in salaries than an amount equal to what it did pay Greene County in 1969. In *State ex rel. Jackson County v. Spradling*, 522 S.W.2d 788 (Mo. banc 1975), the court held that first class charter counties are subject to the limitation imposed by § 53.071 that salary reimbursement is limited to whatever the reimbursement was in the year 1969. The same would be true of first class counties not having a charter, such as Greene and Clay.

The plaintiff and intervenor point to the statement in that case that "It has been the settled policy of this state for more than a century to pay approximately one-half of the cost of assessing property in all of the counties and the City of St. Louis", *id.* at 791, in support of their contention that the proper interpretation of § 53.071 is that the state is to pay an amount equal to one-half the actual compensation for assessor, clerks and deputies in the year 1969. The opinion does refer to the long-standing policy of the state in the regard stated, but it goes on to conclude that the 1969 amendments contained in S.B. 1 modified that policy by placing a ceiling on the amount of salary expense the state will share. *Id.* at 792. The opinion recognizes that there has been a change in policy and offers no comfort to one seeking to apply the former policy to a later time—here to the years 1974 and 1975.

Appellants seem to be arguing that the legislature could not have intended to limit reimbursement to an amount equal to whatever was paid in 1969 because to do so

is absurd and unreasonable and therefore not the meaning to be given § 53.071. But as *State ex rel. Jackson County* points out, this limitation represents "a decision [by the legislature] not to participate in reimbursement for any future salary increases", it being well known "that as a result of inflation in our economy many salaries are frequently increased." *Id.* at 792. Plaintiffs can call this legislative intent absurd and unreasonable, but this does not make it so and we find that it is not.

That the legislature is not insensitive to the needs of the counties is seen by the change made in 1977, by S.B. 277, Laws of Mo.1977, at 167, whereby the legislature repealed § 53.071 and § 137.330, RSMo Supp.1975, and added § 137.710, the salient portion of which reads as follows:

"*State to pay part of assessors', deputies', clerks' and other employees' salaries—amount, how determined.* 1. A portion of the salary for the prior year of the assessor, deputies, clerks, officers and other employees of all counties and cities not within a county charged with duties imposed by law upon assessors, their clerks, deputies, officers and employees shall be paid by the state. The state shall pay one-half of such salaries for the year 1976 and each year thereafter shall pay the amount paid for the previous year plus not more than a five percent increase over that amount, but the amount paid by the state shall in no year exceed one-half of the actual salaries."

The base year now becomes 1976 instead of 1969 and future reimbursement will consist of one-half of the actual salaries paid in 1976, plus a five percent growth factor.

Appellants raise another point: that the reimbursement or payment by the state is to include the expenses of the services of the county counselor with respect to appeals from assessments, whether to the board of equalization, the state tax commission, or the courts. The trial court held not, although agreeing with appellants as to expenses of the county counselor which are part of the cost and expenses of making the assessment and in the preparation of abstracts of assessment lists and tax bills.

We agree with the trial court. The county assessor prepares the tax bills. The board of equalization, state tax commission, and the courts review the tax bills, but their deliberations are not part of the preparation of the tax bills. The tax bill is the piece of paper evidencing the tax liability. *Troost Ave. Cemetery Co. v. Kansas City,* 348 Mo. 561, 154 S.W.2d 90, 100 (banc 1941). The bill is prepared by the assessor before the expenses for which appellants claim a right to reimbursement have been incurred. Such expenses, subsequent to the assessment and issuance of the tax bills, are not within the scope of the reimbursement provided for by § 137.330, RSMo Supp.1975.

Judgment affirmed.

MORGAN, C. J., and BARDGETT, FINCH, DONNELLY and RENDLEN, JJ., concur.

SIMEONE, J., not participating because not a member of the court when cause was submitted.